HENRY G. BLANCHARD v. CYRUS F. MOORS AND CAROLINE A. MOORS.

*Husband and wife—Witness—Evidence—Fraudulent conveyances.*

1. How. Stat. § 7546, as amended by Act No. 211, Laws of 1885, prohibits a husband from being examined as a witness for or against his wife, without her consent, in a suit brought by an execution creditor to set aside his deed to her on the ground that it is fraudulent as to his creditors.

2. In such a case the testimony of the wife taken in her own be-
half without objection, but without the consent of the husband,
is admissible.

3. In such a case the admissions of the husband to third persons
cannot in any respect affect the rights and interests of his
grantee.

Appeal from Wayne.   (Reilly, J.)   Argued February
27, 1891.   Decided April 24, 1891.

Bill to set aside conveyance of real estate as fraudulent.
Complainant appeals.   Decree affirmed.   The facts are
stated in the opinion.

*B. T. Prentis (A. L. Millard,* of counsel), for com-
plainant.

*C. D. Joslyn,* for defendant Caroline A. Moors.

CHAMPLIN, C. J.   The bill of complaint in this case
was filed April 18, 1885, in aid of an execution, charging
that a certain deed from Cyrus F. to Caroline A. Moors,
his wife, was fraudulent as to the creditors of Cyrus, and
praying that it be set aside, etc.   This deed conveyed the
property described in the bill; was dated December 5,
1882, and acknowledged December 11, the same year, and
recorded January 15, 1883, in Liber 251, page 484, in the
Wayne county register's office, and was expressed to be
in consideration of $3,000.

The bill further charges that prior to the date of said
deed said Cyrus was indebted to complainant in a large
amount, for which a suit was pending at that time, and
that afterwards, and on March 17, 1885, judgment was
duly rendered in said case in favor of the complainant
and against said Cyrus for the sum of $3,683.69; that
afterwards execution was duly issued and levied upon the
property described, which is alleged to be the property
of Cyrus, and that said conveyance was voluntary, and

without consideration, and was made for the purpose of defrauding his creditors, and complainant in particular, and of defeating his claim.

The defendant Cyrus F. Moors did not answer, and the bill was taken as confessed against him. Caroline A. Moors answered, and denied that Cyrus F. was ever indebted to the complainant, and alleged that whatever judgment was obtained against said Cyrus F. Moors was gotten by his connivance and fraud, and for the purpose of defrauding her out of said property; that said deed was made for the purpose of part payment of a debt due from her said husband, Cyrus F. Moors, and for no other purpose, and she expressly denied that it was made for the purpose of hindering or defrauding any creditors whomsoever; that when the deed was made said Cyrus represented that he did not owe complainant anything whatever, and that she received said deed in good faith, and in part payment of the debt which said Cyrus owed her; that her said husband, Cyrus, had been for a long time conspiring with the complainant and others to defraud her out of her just rights and her interest in said property; that she had occupied said property for years as a homestead, and that she still so occupied it; that she has no other property whatever; and that she is aged and infirm, and supports herself by renting rooms and keeping boarders, and has no other means of livelihood.

The testimony introduced on behalf of the complainant in the first instance consisted of the testimony of witnesses who swore to admissions made by the defendant Cyrus F. Moors to the effect that he had conveyed the premises in question to his wife for the purpose of defrauding the complainant in this suit, and preventing him from collecting the judgment afterwards recovered by him out of the property of the defendant Cyrus F.

Moors. He also introduced the judgment and execution issued thereon and levied upon the property in question, and took no further testimony until after that of the defendant Caroline A. Moors had been introduced. The testimony on the part of the complainant was begun to be taken in 1885.

Mrs. Moors, the defendant, produced herself as a witness in her own behalf, and she was sworn, and testified without objection from her husband or any other person, and was examined and cross-examined at great length respecting the conveyance of the property to her, her knowledge of her husband's debts, the amount and nature of her property when she married the defendant Cyrus F. Moors, and what she had accumulated and spent since that time, all with a view of showing on the part of the defendant Caroline A. Moors that the property was conveyed to her in part payment of an actual indebtedness owing to her by her husband, Cyrus F. Moors, and on the part of the complainant's solicitor to show that the conveyance was voluntary and fraudulent as to the complainant in the suit as a creditor of Cyrus F. Moors.

After the defendant had introduced her proof, and on November 21, 1887, the complainant called Cyrus F. Moors, the husband of Caroline A. Moors, as a witness in his behalf. The solicitor for the defendant Caroline A. Moors objected to his being sworn, on the ground that he was a party defendant, and that his testimony would be against his wife, and therefore incompetent. His testimony was taken by the commissioner, and forms part of the testimony in this case; and the first question to be determined is whether this testimony is competent, and should be received as proof in the case.

It is claimed on behalf of the complainant by his solicitor that it is competent, and ought to be received, for the reason that there is no harmony between the husband

and the wife, but that their interests are the same; that, so far as this record shows, their interests are identical. Whether or not it is competent testimony must be determined by the language of the statute on the subject. How. Stat. § 7546, as amended by Act No. 211, Laws of 1885, reads as follows:

" A husband shall not be examined as a witness for or against his wife without her consent, nor a wife for or against her husband without his consent, except in cases where the cause of action grows out of a personal wrong or injury done by one to the other, or grows out of the refusal or neglect to furnish the wife or children with suitable support within the meaning of act number one hundred and thirty-six of the Session Laws of eighteen hundred eighty-three, and except in cases where the husband or wife shall be a party to the record in a suit, action, or proceeding where the title to the separate property of the husband or wife so called or offered as a witness, or where the title to property derived from, through, or under the husband or wife so called or offered as a witness, shall be the subject-matter in controversy or litigation in such suit, action, or proceeding, in opposition to the claim or interest of the other of said married persons, who is a party to the record in such suit, action, or proceeding; and in all such cases such husband or wife who makes such claim of title, or under or from whom such title is derived, shall be as competent to testify in relation to said separate property and the title thereto, without the consent of said husband or wife who is a party to the record in such suit, action, or proceeding, as though such marriage relation did not exist."

We think the statute in this case prohibits the husband from being examined as a witness for or against his wife without her consent. It is conceded that the complainant introduced the husband as a witness to testify against his wife, and it is said in the brief of counsel that his testimony makes out a complete case for the complainant. It is therefore a case where, against his wife's consent, he is offered as a witness in a cause where both he and his wife are parties to the record as defend-

ants, in which his wife's separate property is concerned, but in which his interest is identical with hers, and, therefore, there being no conflict between them in interest, he does not come within the exception in the statute. Had the contest been between the husband and wife concerning their separate property, or between the wife and some other party claiming through or under the husband, then the exception in the statute would permit either party to be a competent witness as against the other without the consent of either. We think the case of *Hubbell v. Grant,* 39 Mich. 641, applies to this case. The statute was also explained and commented upon in the case of *Hunt v. Eaton,* 55 Mich. 362. That was a controversy between the husband and wife as to certain personal property belonging to the wife, which she had assigned to Hunt; and for reasons stated in that opinion we held that within the statute her interests were not identical with his, but were adverse. But in this case it is conceded by complainant's solicitor that the interest of the husband and wife in this suit are identical with respect to this property; therefore we lay out of the case the testimony of Cyrus F. Moors.

The complainant's solicitors, however, insist that, if his testimony was not competent, neither was hers; although it was taken without objection, yet it was taken without his consent; and if the husband's testimony is stricken out, so should be hers also. My brethren are of the opinion that her testimony was admissible. The testimony in the case will be left to rest, on the part of complainant, mainly upon the admissions of Cyrus F. Moors made to certain parties, and some admissions made by Mrs. Moors, and testimony tending to show that she had knowledge of the pending suit by Blanchard against her

85 MICH.—25.

husband, coupled with the fact that the conveyance was made while such suit was pending.

In passing upon the merits of the case it is not to be forgotten that the burden of proving fraud rests with the complainant in the suit. He must introduce testimony, and show such a combination of facts and circumstances, as will lead an unbiased mind to believe that a fraud has been perpetrated. The admissions of Cyrus F. Moors cannot in any respect affect the rights and interests of his grantee. It would be a hazardous position to assert that a grantor, after parting with his interests in the property, can turn around and by his admission defeat the title which he has conveyed. And, aside from these admissions of Cyrus F. Moors, there is nothing in the testimony which warrants the conclusion that this conveyance was either voluntarily made or was executed for the purpose of defrauding the complainant of his debt. On the contrary, the testimony introduced in behalf of the defendant tends quite strongly to prove that the conveyance was for a consideration which was good in law, and there is an absence of proof tending to convince us that it was made with any intention of defrauding the creditors of Cyrus F. Moors.

Such being the conclusion reached from a perusal of the testimony not rejected, it follows that the decree of the court below should be affirmed, with costs.

The other Justices concurred.