HERBERT W. NEWLOVE, SURVIVOR, ETC., v. JOHN
CALLAGHAN AND. ELIZABETH CALLAGHAN.

[See 61 Mich. 402; 86 Id. 301.]

*Fraudulent conveyances—Husband and wife—Estates by entireties
—Creditor's bill.*

1. Where real estate is purchased by and conveyed to a husband
   and wife jointly, in the absence of any showing to the con-
   trary the husband will be presumed to have paid one-half of
   the purchase price.

2. Estates in entirety cannot be created at the expense of creditors,
   and held in fraud of their rights.

   So *held*, where a judgment creditor and his wife jointly pur-
   chased and paid for real estate, which was conveyed to them
   jointly, and the judgment creditor filed a bill to reach the
   interest of the husband therein, and the defendants in a joint
   answer set forth that the object of taking the title in their
   joint names was to enable the survivor to own the property,
   they having no children.

Appeal from Wayne. (Reilly, J.) Argued May 12,
1891. Decided June 5, 1891.

Judgment creditor's bill. Complainant appeals. Decree
reversed, and one ordered for complainant. The facts
are stated in the opinion.

*Keena & Lightner*, for complainant, contended:

1. The recital in the deed that defendants paid the purchase price
   is evidence, until the contrary is shown, of such payment;
   citing Dev. Deeds, § 992; *Gaugh v. Henderson*, 2 Head, 628,
   634; *Peter v. Beverly*, 10 Pet. 570; and the interest of two joint
   purchasers or owners of property, whether real or personal, is
   presumed to be equal; citing *Northrup v. McGill*, 27 Mich. 235,
   236; *Campau v. Campau*, 44 Id. 31; *Harrison v. Ingersoll*, 56
   Id. 38; *Loring v. Palmer*, 118 U. S. 321, 341; *Goesale v. Bime-
   ler*, 5 McLean, 223, 228; *Adams v. Leavens*, 20 Conn. 80; and

the same presumption from the deed and its recitals establishes the fact that John Callaghan paid one-half of the purchase price; citing *Reynolds v. Clark,* Wright (Ohio), 656.

2. The receipts from the real estate held by entireties, or at least one-half of such receipts, since complainant needs not to exceed one-half of the purchase price to satisfy his judgment, belonged to John Callaghan; citing Tyler, Inf. (2d ed.) 525; *Pray v. Stebbins,* 141 Mass. 223; *Washburn v. Burns,* 34 N. J. Law, 20; *French v. Mehan,* 56 Penn. St. 289; *Hall v. Stephens,* 65 Mo. 680; *Bennett v. Child,* 19 Wis. 362; and, being personal property, they were not subject to any of the rules applicable to estates by entireties; citing *Wait v. Bovee,* 35 Mich. 425.

3. As to the failure of defendant John Callaghan to allow his wife to testify when called upon, and her objection to his testifying, counsel cited *Barrett v. Lowrey,* 77 Mich. 673; *Page v. Stephens,* 23 Id. 357; *Heath v. Waters,* 40 Id. 457, 471; *Whitney v. Rose,* 43 Id. 29; *Ruppe v. Steinbach,* 48 Id. 465, 469; *Wiswall v. Ayres,* 51 Id. 324, 332; *Smith v. Tosini* (S. D.), 48 N. W. Rep. 301.

*Conely, Maybury & Lucking,* for defendants, contended:

1. The evidence of John Callaghan cannot be considered; citing Act No. 211, Laws of 1885; 1 Greenl. Ev. § 334; *Dixon v. People,* 18 Mich. 84, 92; *Hubbell v. Grant,* 39 Id. 641; *Gleason v. Knapp,* 56 Id. 291.

2. Complainant asks the Court to presume, from the fact of a deed being made to husband and wife jointly,—

   *a*—That the husband's separate moneys were used to pay for it; or—

   *b*—That one-half of the moneys were his separate moneys.

   *c*—That they were so used with the fraudulent intent to defraud his creditors.

   *d*—That they were not exempt moneys.

   *e*—That they were not joint moneys, arising from the sale of other joint estate.

   *f*—That the wife participated in the fraud.

   —which presumptions are to be drawn for the purpose of taking away a woman's sole property, the title to which was not derived from the debtor; and that, too, when the bill is sworn to only upon information, and the sworn answer denies the equities of the bill and all fraud.

3. Where lands are so conveyed, why should the law presume that the husband furnished the consideration rather than the wife? Is he more generous, as a matter of law? Is his affection for the wife greater, as a matter of law, than hers for him? Is

his ability to pay so universally greater than hers as to make the presumption supply the place of evidence?

4. Are dealings generally carried on upon so strict a basis between husband and wife that the law presumes that each contributes one-half of the money to a joint purchase? On the contrary, such is rarely the case. Sometimes the one furnishes the consideration, and sometimes the other,—rarely the two equally, unless it be by joint deed of other property.

5. Does the law presume fraud? The contrary doctrine is established by a long line of Michigan cases; citing Jac. & C. Dig. pp. 978, 979; *Krolik v. Root*, 63 Mich. 562, 567; *Blish v. Collins*, 68 Id. 542; and the fact of relationship raises no presumption of wrong-doing; citing *Fraser v. Passage*, 63 Mich. 556.

6. The sole ground of complainant's suit, as alleged in his bill, is that John Callaghan, with fraudulent design and intent, took moneys which of right belonged to his creditor (the only one shown to exist), and, for the purpose of defeating the debt, bought with those moneys this land, and took the tittle to himself and wife; which fraud is denied under oath by the answer. The complainant is without a shadow of proof, and he asks the Court, in the face of its decisions, to presume the fraud from the mere fact that a deed was made to defendants jointly after the obligation to complainant was incurred.

7. If the law presumes that the moneys used belonged to the debtor, does it also absolutely presume that they were not moneys which might lawfully be so used? Or is it at all improbable that the defendants gave as a consideration other joint real estate, or moneys arising from its sale?

8. It is necessary to complainant's case, also, that the law presume the wife to be a party to the fraud; citing *Fraser v. Passage*, 63 Mich. 551, 555; *Iron Co. v. Waters*, 50 Id. 13; *Andrews v. Fillmore*, 46 Id. 315.

9. The usufruct of realty held jointly by husband and wife does not, in this State, belong to the husband alone, and it cannot be taken by his creditors; citing *Vinton v. Beamer*, 55 Mich. 559.

McGRATH, J. This is a judgment creditors' bill, filed by Alvin Wood and Herbert W. Newlove, copartners as Alvin Wood & Co., to obtain satisfaction of a judgment obtained January 23, 1886, against defendant John Callaghan, for $543.17, upon a promissory note. The note was given December 1, 1884, and was protested January

3, 1885. The levy in aid of which the bill was filed was made upon a certain lot of land purchased jointly as husband and wife, October 13, 1885, for the sum of $1,850, and deeded to them jointly at that time.

The testimony is voluminous, and consists mainly of the examination of defendant John Callaghan, by complainant, under objection made by his co-defendant, Elizabeth Callaghan. The complainant sought to examine the defendant Elizabeth Callaghan, but her husband objected, and she refused to be sworn and to testify. In the view I take of the case, it is unnecessary to consider the testimony of the defendant John Callaghan, and therefore unnecessary to discuss the question as to whether it was admissible or not.[1]

It does appear that, at the time of the purchase of this property, the defendant John Callaghan was indebted to complainant in the amount of this judgment, and that defendants jointly purchased this property, and jointly paid the sum of $1,850 therefor, and that the deed was made to them jointly. In the absence of any showing to the contrary, the defendant John Callaghan must be presumed to have paid one-half of the purchase price.

The answer sets forth that the object of taking the title in the joint names of defendants was "simply that the survivor should own the same, as they have no children." It appears from the testimony of John Callaghan, taken before objection was made thereto, that defendants owned jointly, exclusive of the lot in question, over $20,000 worth of real estate, consisting of several parcels which had been purchased prior to the origin of the debt in question, and that defendant John Callaghan owned no separate property.

It would be a gross injustice to permit debtors to

---

[1] See *Blanchard v. Moors*, 85 Mich. 380.

apply moneys which should be applied to the payment of their debts to the creation of an estate which would be beyond the reach of their creditors. Had the entire estate been placed in the wife's name, there could have been no question but that the same would be regarded as fraudulent under the statute, and it is no less a fraud upon creditors because the title has been taken in the name of the defendants jointly. In other words, estates in entirety cannot be created at the expense of creditors, and held in fraud of the latter's right.

The complainant is entitled to a decree for the sale of an undivided half of the premises in question, and the costs of both courts, and the same is ordered, and the case remanded for further proceedings in accordance herewith.

The other Justices concurred.