MICHIGAN BEEF & PROVISION CO. *v.* COLL.

1. HUSBAND AND WIFE—WITNESSES—ESTATES BY ENTIRETY.

A husband has no such separable interest in lands held by himself and wife as tenants by the entirety that his testimony may be received ''as against his portion'' of the estate, over the wife's objection, in a proceeding to subject the lands to the claims of his creditors.

2. SAME—RIGHTS OF JUDGMENT CREDITORS.

A husband's undivided interest in lands held by himself and wife by entireties may be subjected to a judgment against him, where moneys were applied by him to the purchase of the lands after the debt had been incurred, notwithstanding the lands were contracted for prior to such indebtedness; and, in the absence of a contrary showing, it will be presumed that one-half of the payments made upon the contract were made by the husband."

Cross-appeals from Wayne; Haire, J., presiding. Submitted January 27, 1898. Decided March 15, 1898.

Judgment creditor's bill by the Michigan Beef & Provision Company against John Coll and wife and the Wayne County Savings Bank. From a decree subjecting an undivided one-half interest in certain lands to the payment of complainant's judgment, both parties appeal. Affirmed.

*O. E. Angstman*, for complainant.

*Peter E. Park*, for defendants.

HOOKER, J. A judgment was rendered in January, 1896, for $857.60, including costs, in favor of the complainant, upon an account which commenced in May, 1893, against John Coll. Execution was returned unsatisfied, and the bill in this cause was filed to reach certain real estate in Detroit, held by Coll and his wife as joint

tenants under a conveyance dated July 10, 1895, made in pursuance of certain land contracts dated in 1887 and 1891, respectively. To prove the case, the complainant called as a witness John Coll. His wife objected to his testifying against her. The circuit judge expressed the opinion that the objection was good as to her estate, but that the testimony should be received "against the husband's portion" of the estate. The difficulty is that the husband has no portion in such an estate that is separable from that of the wife. It is but one estate, and it is impossible to carve anything out of it during the joint lives, without affecting the interest of the wife. *Vinton* v. *Beamer*, 55 Mich. 559; *Speier* v. *Opfer*, 73 Mich. 39 (2 L. R. A. 345). See *Chandler* v. *Cheney*, 37 Ind. 391, 396. In *Newlove* v. *Callaghan*, 86 Mich. 297, 301, this court did not consider the testimony of the husband, taken under objection, and thus was not called upon to determine whether it was admissible or not. The case of *Blanchard* v. *Moors*, 85 Mich. 383, seems to be decisive of the question, if we are right in saying that her interest is necessarily affected by the testimony, of which we are convinced.

It is necessary, therefore, for the complainant to establish its case by other evidence. This consists of the two contracts with payments indorsed, the deed, and the judgment, with execution returned unsatisfied. From these we find the lands were contracted before the debt was made, but that large payments were made afterwards. It is not shown who made them, or from whence the money came. In the case of *Newlove* v. *Callaghan*, *supra*, it is said that it is proper to presume that the husband made one-half of the payments, where no showing is made to the contrary. We may properly infer that all of Coll's property is in this land, and that considerable was paid upon the contracts which he should have paid to his creditor, suit being then pending. This was not justified by the fact that he had outstanding contracts, and we think should be no more beyond reach than as though

the entire title had passed to the wife, as said in *Newlove* v. *Callaghan.*

The decree of the circuit court is affirmed, with costs.

The other Justices concurred.