### McMULLEN v. ZABAWSKI et ux.

### In re ZABAWSKI.

(District Court, E. D. Michigan, S. D.    September 5, 1922.)

No. 412.

1. **Bankruptcy �köö418(1)—Trustee's right to set aside fraudulent transfers made before filing of bankruptcy petition not affected by bankrupt's discharge.**

That bankrupt had been granted a final discharge in bankruptcy did not affect the right of his trustee, subsequent to such discharge, to set aside, under Bankruptcy Act, § 70e (Comp. St. § 9654), fraudulent transfers made by the bankrupt before the filing of the bankruptcy petition, in view of subdivision a (4).

2. **Bankruptcy �köö143(1)—No interest in land owned as tenants by the entirety passes to trustee in bankruptcy of a tenant.**

Where title is held as tenants by the entirety, no part of the property or interest therein of one of the tenants passes to his trustee in bank-

ruptcy, under Bankruptcy Act, § 70a(5), being Comp. St. § 9654, since the title itself is not capable of division into separate interests, undivided or otherwise, but is one entirety, entirely owned by each tenant.

**3. Courts ☜359—Trustee's right to avoid fraudulent transfer depends on law of state in which property is located.**

The right of a trustee in bankruptcy to avoid an alleged fraudulent transfer depends on the law of the state in which the property is located.

**4. Equity ☜363—Well-pleaded allegations of fact in bill treated as true for purposes of motion to dismiss.**

All well-pleaded allegations of fact in bill of complaint must, for the purposes of a motion to dismiss, be treated as true.

**5. Names ☜6—Pleadings not insufficient merely because initial, instead of full Christian name, is used.**

Pleadings are not insufficient, at least in the absence of a statute or rule to that effect, merely because the initials, instead of the full Christian name, of the parties thereto, are used therein.

**6. Equity ☜362—Use of initial, instead of full Christian name, of plaintiff in jurat to bill, held not ground for dismissal.**

Where plaintiff signed his full name "Jay F. M——," the mere fact that he was referred to in the jurat attached to the bill as "J. F. M——" was not ground for dismissal of bill.

**7. Equity ☜362—Failure of jurat attached to bill of complaint to state date on which bill was sworn to held not ground for dismissal.**

The mere fact that the jurat attached to the bill of complaint did not give the date upon which the bill of complaint was sworn to was not ground for dismissal of the bill; the exact date on which oath was taken being immaterial.

In Equity. Suit by Jay F. McMullen, trustee in bankruptcy of Bernard Zabawski, against Bernard Zabawski and wife. On motion to dismiss bill of complaint. Denied.

Clark, Emmons, Bryant & Klein, of Detroit, Mich., for plaintiff.
Henry P. Seaborg, of Detroit, Mich., for defendants.

TUTTLE, District Judge. This is a motion to dismiss the bill of complaint, which bill was filed by Jay F. McMullen, trustee in bankruptcy of the estate of the defendant Bernard Zabawski, against the said bankrupt and his wife, defendant Stella Zabawski, to set aside an alleged fraudulent transfer of property by said bankrupt. The bill is filed pursuant to the authority vested in such trustee by section 70e of the Bankruptcy Act (Comp. St. § 9654), which provides as follows:

"The trustee may avoid any transfer by the bankrupt of his property which any creditor of such bankrupt might have avoided, and may recover the property so transferred, or its value, from the person to whom it was transferred, unless he was a bona fide holder for value prior to the date of the adjudication. Such property may be recovered or its value collected from whoever may have received it, except a bona fide holder for value. For the purpose of such recovery any court of bankruptcy as hereinbefore defined, and any state court which would have had jurisdiction if bankruptcy had not intervened, shall have concurrent jurisdiction."

The bill alleges in substance that on July 21, 1919, the defendant Bernard Zabawski filed a voluntary petition in bankruptcy in this court, and was thereupon duly adjudicated a bankrupt, and the plaintiff was therefter elected and qualified as trustee, and still continues in the per-

☜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

formance of his duties as such; that prior to October 9, 1916, the said defendant was engaged in the grocery business in Detroit, in which business he was assisted by his wife, the other defendant herein, so that on said last-mentioned date the said Bernard Zabawski was the owner of a stock of groceries and fixtures of the value of about $2,500; that on said date the said defendants jointly became the owners of the land and building in which said grocery business was being conducted, which land and building were worth about $7,500; that thereafter the said defendants decided to abandon the grocery business and to engage in the retail shoe trade, and that for that purpose the said Bernard Zabawski, with the knowledge and consent of his said wife, negotiated, to her brother-in-law, the sale of said stock and fixtures for the sum of $2,500, and the said land and building for the sum of $7,500, and that the said defendants realized out of the aforesaid property about $10,000 in cash on or about said last-mentioned date; that the interest of said Bernard Zabawski in said sum was not less than $6,500, being the aggregate of $2,500 realized for the stock and fixtures and one-half of the amount realized from the land and building aforesaid; that at about the same time the defendants acquired for $5,000 certain premises in said city of Detroit as a location for the conducting of a retail shoe store, and thereafter proceeded to erect a building thereon for that purpose and at a cost of more than $15,000; that the said defendant Bernard Zabawski "intended to engage in the business of a retail shoe dealer, and in such business to seek and receive the extension of a large amount of credit from divers and sundry manufacturers of shoes and kindred merchandise, and, with the intent of placing the said mentioned property beyond the reach of creditors, arranged for and took the title to the said mentioned premises in the name of himself and the said Stella Zabawski, his wife, defendants, jointly, with the further fraudulent intent and purpose to secure said mentioned property against seizure for the debts which he expected to contract in said business, and with the further fraudulent intent and design of resting the hazards of such contemplated retail shoe business, in which defendant Bernard Zabawski was about to engage, upon his creditors, instead of keeping his property subject to the claims of creditors as they should arise"; that "in the further pursuance of said purpose and design the said Bernard Zabawski, on or about the 1st of December, A. D. 1916, began arranging and contracting for the purchase of a large amount of merchandise for the conducting of a retail shoe business in said premises, and subsequently, and on or about the fore part of 1917 began the conducting of the said retail shoe business in said premises, and continued the conducting of the same until the time of the bankruptcy herein, during which the said Bernard Zabawski, defendant, made purchases of merchandise on credit from time to time in large amounts, so that at the time of the bankruptcy proceeding herein he became and was indebted to divers and sundry creditors in the aggregate sum of $10,000 and upwards, as will more particularly appear from the records and files in said cause in bankruptcy, and that the assets, property, and effects of the said estate in bankruptcy are grossly insufficient to pay said indebtedness in full, and will be insufficient so to do to the extent of

$8,000 and upwards"; that "in the further pursuance of said design and purposes the said Bernard Zabawski repeatedly represented the said premises, commonly known as No. 1428 Chene street, as a part and parcel of his assets subject to the claims of his creditors, and did make such representations in writing to certain of his creditors herein, and did obtain credit in reliance upon such ownership in a large sum"; that "the said defendants were wholly inexperienced in the conducting of a retail shoe business, and that at the time the said defendants were preparing to launch the said business the World War was at its uncertain height, and business conditions throughout the United States, and in the city of Detroit in particular, were not normal, and the possibilities of retail trade, cost of merchandise, and like matters were uncertain and subject to sharp change, and that by reason of the foregoing the business which the said defendant Bernard Zabawski was about to engage in was subject to very considerable hazard and risk, and this was well known to the said defendants; that the said defendants, in the knowledge of such risks and hazards and with the intent to hinder, delay, and defraud creditors, from whom they expected to secure credit, and with the distinct purpose and design of placing such property beyond the reach of the said mentioned creditors, arranged to and did take the title to the said premises jointly"; and that "the conveyance of the said land to the said Bernard Zabawski and Stella Zabawski, jointly, as husband and wife, is wholly void as to their subsequent creditors, and as to this complainant as trustee in bankruptcy of the estate of Bernard Zabawski, bankrupt, excepting as to one-half of the said mentioned sum of $7,500." The bill prays that the conveyance to the two defendants be decreed void as to the plaintiff, excepting as regards the interest of the wife, in the sum of $3,500, and that, if necessary, the property so conveyed be sold, and the proceeds realized in excess of said sum be decreed to belong to plaintiff for distribution among the creditors of the bankrupt, and for general relief.

The defendants have filed a motion to dismiss the bill on the grounds (1) that the said bankrupt was granted a final discharge in bankruptcy on October 4, 1920, prior to the filing of said bill, and no motion to vacate said discharge has been made; (2) that the property involved was held by the defendants as tenants by the entirety, and therefore no interest therein vested in the plaintiff as trustee in bankruptcy; and (3) that the bill is not properly verified.

[1] 1. No authority has been cited by counsel nor discovered by the court, and no reason assigned, in support of the contention that the granting of the unrevoked discharge to a bankrupt can affect the right of his trustee in bankruptcy to set aside, under section 70e, hereinbefore quoted, fraudulent transfers made by the bankrupt before the filing of the bankruptcy petition. In addition to the rights conferred on the trustee by said section 70e, it is provided by section 70a (4) of the Bankruptcy Act that—

"The trustee of the estate of a bankrupt, upon his appointment and qualification * * * shall * * * be vested by operation of law with the title of the bankrupt, as of the date he was adjudged bankrupt, * * * to all * * * property transferred by him in fraud of his creditors."

The title of the trustee to such property of the bankrupt is surely not divested by the discharge of the bankrupt, which discharge often, if not usually, precedes the completion of the collection and distribution of his assets among his creditors. I fail to perceive any basis for the asserted effect upon the rights of the trustee just mentioned, of the discharge of the bankrupt from his dischargeable debts. In re Pierce (D. C.) 103 Fed. 64.

[2] 2. Defendants invoke the familiar rule that neither of the owners of property held by them as tenants by the entirety has a separate interest therein, which can be disposed of by either one of such tenants or seized by his creditors or pass to his trustee in bankruptcy. In re Berry (D. C.) 247 Fed. 700. This result does not, as defendants appear to suppose, arise from any theory or rule of exemption, as property held by the entireties is often, as here, not "exempt" in any true legal sense, as is, for example, a homestead; but the *title itself* to the property held by such an estate is not capable of division into separate interests, undivided or otherwise, but is one "entirety," entirely owned by each tenant. There is, therefore, in such a tenancy, no title owned by one of such tenants, and no "property which prior to the filing of the petition he could by any means have transferred, or which might have been levied upon and sold under judicial process against him," and consequently no interest therein which is "vested by operation of law," in the trustee under section 70a (5) of the Bankruptcy Act. If, then, the premise of the defendants, that the property here involved is owned by the bankrupt and his wife as tenants by the entirety, were correct, the conclusion based thereon, that no part of such property can be reached by the plaintiff trustee, would be well founded.

[3] Plaintiff trustee, however, relies upon the language of section 70e already hereinbefore quoted, providing that the "trustee may avoid any transfer by the bankrupt of his property which any creditor of such bankrupt might have avoided." The right of a trustee in bankruptcy to avoid such a transfer of property depends upon the law of the state in which such property is located. Klinger v. Hyman (C. C. A. 2) 223 Fed. 257, 138 C. C. A. 499; Irwin v. Maple (C. C. A. 6) 252 Fed. 10, 164 C. C. A. 122. The property here involved being located in the state of Michigan, the law of such state relative to the rights of creditors of a person to avoid fraudulent transfers of property by such person controls the present case. It is well settled in Michigan by the decisions of the Supreme Court of that state that where one invests money, which he is equitably bound to keep for payment of his debts, in the purchase of property, the title to which is taken in the names of his wife and himself as tenants by the entirety, with intent to hinder, delay, or defraud his creditors, the transaction constitutes a fraudulent transfer, voidable by such creditors, and the latter may, by a proper bill in equity, reach the interest of such debtor in such property. Newlove v. Callaghan, 86 Mich. 297, 48 N. W. 1096, 24 Am. St. Rep. 123; Michigan Beef & Provision Co. v. Coll, 116 Mich. 261, 74 N. W. 475; Hackett v. Kenning, 170 Mich. 583, 136 N. W. 349; Lipp v. Jacobs, 198 Mich. 357, 164 N. W. 478; First State Bank v. Wallace, 201 Mich. 673, 167 N. W. 887.

Nor is the right to avoid such a transfer limited to creditors who were such at the time of such transfer, if the latter be prompted by an actual intent on the part of the transferor to hinder, delay, or defraud his subsequent creditors. Where, as is alleged in the present bill, such an intent existed at the time of the making of the transfer in question, said transfer may be attacked by any such subsequent creditor. Cole v. Brown, 114 Mich. 396, 72 N. W. 247, 68 Am. St. Rep. 491; Schreyer v. Scott, 134 U. S. 405, 10 Sup. Ct. 579, 33 L. Ed. 955; 27 Corpus Juris, 521.

[4] As, therefore, all well-pleaded allegations of fact in the bill must, for the purposes of a motion to dismiss, be treated as true, the contention of the defendants that any interest of the bankrupt in the property involved is beyond the reach of his creditors, and therefore of his trustee in bankruptcy, cannot be sustained, at least at the present stage of this suit.

[5-7] 3. It is contended by counsel for defendants that "the bill of complaint does not comply with the United States general equity rules and that the same was not properly sworn to." This is based solely upon the statement that the jurat attached to said bill "is not complete, in that it does not give the date upon which the bill of complaint was sworn to, or the full name of the affiant." It is true that the said jurat, which was signed by the notary, contained no date, and referred therein to the affiant as "J. F. McMullen," instead of "Jay F. McMullen." Not only is it elementary law that pleadings are not insufficient (at least in the absence, as here, of a statute or rule to that effect) merely because the initials, instead of the full Christian name, of the parties thereto, are used therein, but the plaintiff signed his full name "Jay F. McMullen," to his bill. The jurat recites that "he has read the  *  *  *  bill of complaint by him subscribed," so there can be no claim that there is any doubt or uncertainty as to the name of the plaintiff. The carelessness in pleading which omitted the date from the jurat is not to be commended; however, the jurat recites that the bill was sworn to by the plaintiff, and the exact date on which the oath was taken is not here material nor necessary.

The motion to dismiss the bill must be denied; and it is so ordered.