HUBBARD *v.* LINDENFELD.

1. FRAUDULENT CONVEYANCES—PRIMA FACIE CASE—BURDEN OF PROOF.

Where, in suit to set aside conveyance of real property to husband and wife as tenants by entireties as in fraud of husband's creditors, plaintiff made *prima facie* case under statute, burden of proof was on defendants to establish their claim that no part of consideration involved in purchase of said property was furnished by husband (3 Comp. Laws 1929, § 14617).

2. SAME—HUSBAND AND WIFE—TENANTS BY ENTIRETIES.

Taking title to real estate by husband and wife as tenants by entireties was not in fraud of husband's creditors, where he furnished no part of consideration involved in its purchase.

3. SAME—CONSIDERATION—EXECUTION OF NOTE—INVESTMENT BY HUSBAND.

Execution of note by husband and wife, proceeds of which went into purchase price of real estate, title to which was taken as tenants by entireties, did not constitute investment by husband of one-half of amount of said note, where full amount thereof remains unpaid and is secured by mortgage on other real estate held by them as tenants by entireties.

Appeal from Berrien; White (Charles E.), J. Submitted June 8, 1933. (Docket No. 49, Calendar No. 37,251.) Decided August 29, 1933.

Bill in aid of execution by Fred E. Hubbard, liquidator of Bank of Fort Myers & Trust Company, a Florida corporation, against A. S. Lindenfeld and another to set aside conveyances of real estate. Bill dismissed. Plaintiff appeals. Affirmed.

*Charles W. Gore* and *Arthur E. Leckner,* for plaintiff.

*John J. Sterling (Webster Sterling,* of counsel), for defendants.

NORTH, J.   In a suit prosecuted in Florida in 1927, the Bank of Fort Myers & Trust Company, a Florida corporation, obtained a money judgment or decree against defendant A. S. Lindenfeld.   Subsequently (November 8, 1928), judgment thereon was obtained in the circuit court of Berrien county, Michigan, in the amount of $11,584.76.   Subsequent to the time Mr. Lindenfeld became indebted to the bank, he and his wife, who is also made a party defendant herein, purchased two pieces of real estate located in Berrien county, and took title thereto as tenants by entirety.   The first of those parcels, which will be referred to herein as the "oil station property," was purchased August 15, 1928.   The other, herein called the "dock property," was purchased September 24, 1928.   Plaintiff caused execution to be levied upon each of these parcels and thereafter filed the bill of complaint herein to set aside both conveyances in so far as they purport to create estates by entirety, on the ground that title was taken in the name of husband and wife as tenants by entirety fraudulently and to defeat plaintiff's rights as a creditor of defendant A. S. Lindenfeld.   By introducing in evidence plaintiff's judgment, the execution, levy, and records of conveyance, together with admissions in defendants' answer, a *prima facie* case was made by plaintiff under 3 Comp. Laws 1929, § 14617.   Thereupon defendants offered proof in detail as to source of the property or money used in making payment for the two properties upon which plaintiff has levied.   A detailed recital here of such testimony would serve no good purpose.   It was carefully reviewed and considered by the trial judge, and he

came to the conclusion that defendants had established their claim, which was that none of the consideration involved in the purchase of either of the properties upon which plaintiff has levied came from Mr. Lindenfeld, and therefore plaintiff was not entitled to relief. Decree was entered dismissing the bill of complaint, and this appeal followed.

Plaintiff stresses the contention that, when property is purchased by husband and wife and title thereto taken as tenants by the entirety, a presumption arises that one-half of the consideration therefor was paid by the husband; and to that extent the property should be subject to the claims of his creditors who have been defrauded as the result of such purchase by the husband and wife. Reliance is placed upon the following propositions of law:

"Where real estate is purchased by and conveyed to a husband and wife jointly, in the absence of any showing to the contrary, the husband will be presumed to have paid one-half of the purchase price." *Newlove* v. *Callaghan* (syllabus), 86 Mich. 297 (24 Am. St. Rep. 123).

See, also, *First State Bank of Milford* v. *Wallace,* 201 Mich. 673.

"Estates in entirety cannot be created at the expense of creditors and held in fraud of the latter's right. Where the circumstances are such that it would be fraudulent as to the creditors of the husband to take the entire title in the name of the wife, it is no less a fraud upon them for the title to be taken in the name of husband and wife jointly." 30 C. J. p. 574.

"It would be a gross injustice to permit debtors to apply moneys which should be applied to the payment of their debts to the creation of an estate which would be beyond the reach of their creditors. * * *

In other words, estates in entirety cannot be created at the expense of creditors, and held in fraud of the latter's rights." *Newlove* v. *Callaghan, supra.*

The correctness of appellant's contention relative to the legal aspect of the case must be conceded. But, as noted above, the circuit judge found against plaintiff on the facts. From the record, it appears that a substantial portion of the purchase price of these properties was paid by trading in properties to which defendants had title by entirety prior to Mr. Lindenfeld's having become obligated to the bank; and with money which Mrs. Lindenfeld had on deposit in banks to her individual credit, and which, as the circuit judge found, was proven to be her individual property. Other portions of the consideration were derived from mortgages given by defendants upon the parcels purchased. The record is such that we think the trial judge was justified in accepting as true the following from Mrs. Lindenfeld's testimony:

"*Q.* Mrs. Lindenfeld, did your husband invest any of his own money or property in either one of these two pieces of land, the dock or the gasoline station?

"*A.* No, he hasn't. He has taken his money and put it into these other things."

As we understand appellant's brief, it is therein urged that since Mr. Lindenfeld became liable with his wife on a note to the Farmers & Merchants National Bank for $13,500, the proceeds of which went into the purchase price of the oil station property, therefore at least to the extent of one-half of the amount so invested Mr. Lindenfeld has an interest in the property. The full amount of the money borrowed from the bank is still unpaid. Its repayment is now secured by defendants' joint note and a mort-

gage lien on the dock property. Until Mr. Lindenfeld makes some payment on this obligation, he will have actually invested nothing in the property. Equity must rest its decision upon the actual facts rather than upon the theory or assumption that Mr. Lindenfeld has invested something in this property when in truth he has not.

The decree entered in the circuit court in chancery is affirmed, with costs to appellees.

McDONALD, C. J., and CLARK, POTTER, SHARPE, FEAD, WIEST, and BUTZEL, JJ., concurred.