## In re McGEE.

(District Court, N. D. New York. January 12, 1901.)

### No. 58.

BANKRUPTCY—ACTS OF BANKRUPTCY—PREFERENCE OF CREDITOR.

An insolvent, who was indebted to an estate, which was also liable on a note discounted for the benefit of the insolvent, transferred to the administratrix of the estate, as an individual, certain book accounts, under an agreement in pursuance of which the transferee took up the note. The fact of insolvency was known to both parties. *Held*, that the transfer necessarily operated, and must be deemed to have been made with the intent, to prefer the estate as a creditor, and constituted an act of bankruptcy on the part of the debtor, under Bankr. Act 1898, § 3a, subd. 2.

In Bankruptcy. On creditor's petition, answer, and report of referee.

The petition was filed July 9, 1900, and alleges two acts of bankruptcy based upon the transfer by the alleged bankrupt, while insolvent of property with intent to prefer a creditor. The alleged bankrupt on the 26th day of July 1900, filed an answer denying the said acts of bankruptcy. The issue thus joined was referred to the referee to ascertain and report the facts under rule 8 of this court. The referee's report was filed September 6, 1900.

Lawrence Russell, for creditors.
Joseph F. Brown, for alleged bankrupt.

COXE, District Judge. It is conceded by the alleged bankrupt that for more than six months next preceding the filing of the petition she resided in the Northern district of New York; that she owes debts amounting to $1,000; that the three petitioners are creditors, having valid claims amounting to over $500; that at the date of filing the petition and for more than four months previous thereto she was insolvent and knew that she was insolvent. The only question, therefore, is whether an act of bankruptcy has been established. On the 30th of March, 1900, the alleged bankrupt was indebted to the estate of George Lawyer for more than $500. Besides this the

Lawyer estate was liable to pay a note of $225, which had been discounted for the benefit, in part at least, of the alleged bankrupt by the First National Bank of Canton, N. Y. On that day—March 30th—the alleged bankrupt transferred to Ettie A. Lawyer, who was administratrix of the estate, $300 worth of book accounts accruing from the business conducted by the alleged bankrupt and her husband. On the 14th of April thereafter Mrs. Lawyer borrowed from a third party $230, which money was given to the husband of the alleged bankrupt who took up the note and delivered it to Mrs. Lawyer.

Section 3 of the bankruptcy act, subd. 2, provides that a person has committed an act of bankruptcy when he has "transferred, while insolvent, any portion of his property to one or more of his creditors with intent to prefer such creditors over his other creditors." Section 1, cl. 25, provides that a "'transfer' shall include the sale and every other and different mode of disposing of or parting with property, or the possession of property, absolutely or conditionally, as a payment, pledge, mortgage, gift, or security." There can be no question as to the alleged bankrupt's intent to give a preference, under the provisions of section 3. It is a cardinal principle of law that every one is presumed to intend the necessary consequences of his acts, and where an insolvent debtor transfers a large portion of his property to one creditor, to the exclusion of all the rest, such a transaction must be taken as conclusive evidence of his intent to prefer that creditor. Toof v. Martin, 13 Wall. 48, 20 L. Ed. 481. It is thought that the transfer of the accounts amounted to an act of bankruptcy. Mrs. McGee was indebted to the Lawyer estate. If the transfer had not been made the Lawyer estate would have received its share with the other creditors. Because of the transfer of the accounts the note for $225 was retired. That this result was brought about by the transfer to Mrs. Lawyer as an individual and not in her representative capacity does not seem material. The purpose of the transfer was fully known to her. If the note had been held by the estate and if the transfer had been directly to the estate and the note surrendered it is plain that the estate would have received a preference over the other creditors, and, yet, in contemplation of law, this is precisely what occurred. Assume, for illustration, that Mrs. McGee was the owner of a bond, the market value of which was $225, and that she, being insolvent, had transferred this bond to a creditor who held her note for that amount. There can be no question that such a transaction would be an act of bankruptcy. Would it be any less an act of bankruptcy if the bond had been transferred to a third person with direction to raise the money thereon and pay the note? Or assume that the $225 was borrowed of a third party and the bond transferred as security, with full knowledge of all that the money was to be paid to a favored creditor, would this change the result? It is thought not. In either instance the property, which, theoretically, at least, belongs to all the creditors, is taken from them and given to a favored creditor,—a situation which the bankruptcy act was passed to prevent. Speaking of this transaction the referee dis-

tinctly finds that "this assignment was made to carry out the verbal agreement between Mrs. McGee and Mrs. Lawyer February 22, 1900, and with the knowledge on the part of both that Mrs. McGee was insolvent and with the intent to prefer the Lawyers over other creditors." The one stubborn fact cannot be denied or explained that the proceeds of accounts on which the alleged bankrupt warranted $300 to be due have been given to one creditor to the exclusion of all the rest. It is unnecessary to discuss the question of fact arising upon the date of the transfer of the $500 Meeservy note and no opinion is expressed with reference to that branch of the case. It follows that an adjudication should be made.