### In re ADVANCE OIL CO.*

(District Court, W. D. Pennsylvania. November, 1923.)

1. Bankruptcy ⊙⟶95—Filing of exceptions to denial of motion to dismiss petition held not to reserve same for reargument on hearing on issues of fact.

Where, after denial of motion to dismiss an involuntary petition in bankruptcy, written exceptions were filed and order made by court noting exceptions, filing them, and sealing a bill of exceptions, held, on final hearing on issues of fact raised by petition and answer, matter of sufficiency of petition had been passed on, and exceptions filed did not bring it up for reargument.

2. Bankruptcy ⊙⟶58—Transfer held preferential.

Transfer of first mortgage bonds of insolvent company to creditor held preferential.

In Bankruptcy. In the matter of the bankruptcy of the Advance Oil Company. On final hearing on issues raised by petition and answer. Decree ordered.

Decree affirmed 1 F. (2d) 442.

SCHOONMAKER, District Judge. An involuntary petition in bankruptcy was filed in this case against the Advance Oil Company. The company, through its secretary, filed an answer admitting its inability to pay its debts and the fact of insolvency. By leave of court, the Franklin Trust Company intervened and filed a motion to dismiss the petition, on account of the alleged insufficiency of the preferential transfer of certain bonds to it, but at the same time filed an answer denying the allegation of insolvency in

the petition and the fact of preferential transfer, demanding a jury trial on the issues of fact. Upon the filing of this motion to dismiss. the petitioning creditors filed a motion for leave to amend the petition in bankruptcy, with a view to curing the alleged defect in the allegations of the petition with reference to the preferential transfer to the Franklin Trust Company.

In an opinion filed by the late Judge Orr in April 21, 1922, this court held the petition to be sufficient, and for that reason, on April 22, 1922, an order was entered denying the motion to dismiss the petition and also the motion to amend. Whereupon the Franklin Trust Company filed written exceptions in open court, and by order of court dated April 24, 1922, an order was made noting the exceptions, filing them, and sealing a bill of exceptions for the Franklin Trust Company. A jury trial having been waived, testimony on the issues of fact was taken before the referee in bankruptcy of Venango county. That testimony has been returned to the court, and the case has now come up for final hearing on the issues of fact raised in the petition and answer.

From the petition, answer, and proofs we find the following facts: That the Advance Oil Company, a trading and mercantile corporation, has, for the greater portion of six months next preceding the filing of the involuntary petition in bankruptcy, had its place of business at Reno, in the county of Venango and state of Pennsylvania, and the Western district thereof. That said company owes debts to the amount of $1,000 and over. That the petitioning creditors have provable claims amounting in the aggregate in excess of securities held by them to the sum of $500 and over. That the said Advance Oil Company is insolvent, and within four months next preceding the filing of the petition in bankruptcy herein the said Advance Oil Company committed an act of bankruptcy in that it did, on the 24th day of September, 1921, while insolvent, give and deliver to the Franklin Trust Company, of Franklin, Pa., $96,700 par value of its first mortgage bonds, which are and were a first lien on all the real estate, property and assets of such Advance Oil Company, to secure the then existing indebtedness of said company to the Franklin Trust Company, amounting to $47,000, with intent to prefer the said Franklin Trust Company over the other creditors of the said Advance Oil Company.

[1] At the time of the argument of this case before the court after the proofs had been filed, counsel for the Franklin Trust Company urged upon us the consideration of their exceptions to the order made by the court through the late Judge Orr in denying the Franklin Trust Company's motion to dismiss the petition. As we regard this case, the matter of the sufficiency of the petition has been passed upon and the exceptions filed by the Franklin Trust Company do not bring the case up for reargument.

In an order filed April 24, 1922, this court noted the exceptions filed and sealed a bill. That, in our opinion, is the only action which could have been taken upon the exceptions as presented. On the issues of fact raised by the petition and answer, the proofs in our opinion abundantly establish the fact that this Advance Oil Company, at the time of filing the petition in bankruptcy owed approximately $96,000. Giving due weight to the testimony of the witnesses as to the value of the assets of the Advance Oil Company at the time of the transfer of bonds to the Franklin Trust Company, we cannot find that these values exceeded $75,000. Therefore the company was insolvent at the time of the transfer of these bonds.

[2] On the question of intent to prefer, it is very clear that such intention existed. The indebtedness to the trust company was practically one-half of the indebtedness of the company. The trust company was trustee of the bonds, and the resolution creating the bonded indebtedness recited that the bonds were to be sold and one half the proceeds thereof applied to the indebtedness of the trust company, and the other half to the other debts of the company If this arrangement had been carried out and these bonds sold, the indebtedness of the Advance Oil Company would have been liquidated, and the creditors of the Oil Company treated exactly alike. But that was not done, and the entire bond issue, except a few that were sold, was turned over to the Franklin Trust Company. This, in our opinion, was a clear preferential transfer, and the trust company had knowledge, or should have had knowledge, that it was receiving a preferential transfer.

We have therefore come to the conclusion that the facts in this case are abundantly sufficient to establish the insolvency of the Advance Oil Company and the preferential transfer. A decree may be entered adjudging the Advance Oil Company to be a bankrupt.