## In re ADVANCE OIL CO.

## Appeal of FRANKLIN TRUST CO.

(Circuit Court of Appeals, Third Circuit. September 23, 1924.)

No. 3124.

1. **Bankruptcy �köö58, 81(4)—Intent to prefer essential to act of bankruptcy; intent to prefer must be alleged.**

Debtor's intent to prefer is an essential element of act of bankruptcy, within Bankruptcy Act, § 3 (Comp. St. § 9587), and must be disclosed by petition.

2. **Bankruptcy ⊙ö81(4) — Specific intent to prefer, necessary to act of bankruptcy, need not be alleged.**

Affirmative and specific averment of debtor's intent to prefer, essential to act of bankruptcy, is not necessary, and where petition alleged transfer, while insolvent, of all property to one creditor to secure existing indebtedness, it showed facts from which intent to prefer would be implied, and was sufficient.

3. **Appeal and error ⊙ö170(1)—Circuit Court of Appeals not required to pass on questions not raised before District Court.**

Circuit Court of Appeals is not required to pass on question whether instrument securing bonds was mortgage, when not raised before District Court.

Appeal from the District Court of the United States for the Western District of Pennsylvania; Frederic P. Schoonmaker, Judge.

In the matter of the bankruptcy of the Advance Oil Company. From an order adjudicating respondent's bankruptcy, on petition of the Penn American Refining Company and others, the Franklin Trust Company, intervener, appeals. Decree affirmed.

Affirming decree 1 F. (2d) 440.

R. T. M. McCready, of Pittsburgh, Pa., and A. R. & N. F. Osmer, of Franklin, Pa., for appellant.

Trax & Parker, Breene & Jobson and William M. Parker, all of Oil City, Pa., for appellees.

Before WOOLLEY and DAVIS, Circuit Judges, and THOMPSON, District Judge.

WOOLLEY, Circuit Judge. Three creditors, having provable claims aggregating over fifteen thousand dollars, filed an involuntary petition in bankruptcy against the Advance Oil Company. They stated the act of bankruptcy as follows:

"That within four months next preceding the date of this petition, the said Advance Oil Company committed an act of bankruptcy in that heretofore, to wit, on the 14th day of September, 1921, while insolvent, it did give and deliver to the Franklin Trust Company, of Franklin, Pennsylvania, $96,700, par value, of its first mortgage bonds which are and were a first lien on all of the real estate, property and assets of said Advance Oil Company, to secure the then existing indebtedness of the said Advance Oil Company to the said Franklin Trust Company, amounting to about $47,000.00. The real estate, property and assets covered by the mortgage securing said bonds constituting practically all of the assets of the said Advance Oil Company."

The Oil Company, in its answer, admitted that the claims of the petitioning creditors were correct, that it was unable to pay them, and that it was insolvent. The Trust Company was permitted to intervene in opposition to the adjudication. It filed a motion to dismiss the petition on the ground that the allegation of the act of bankruptcy was insufficient because it did not specifically aver an intent by the Oil Company to prefer the Trust Company over its other creditors when it gave the Trust Company its bonds secured by a mortgage covering all its property. The District Court denied the motion and in due course entered an order adjudging the respondent a bankrupt. The Trust Company appealed; the Oil Company accepted the decision.

This case arises under section 3 of the Bankruptcy Act (Comp. St. § 9587) prescribing that an act of bankruptcy by a person "shall consist of his having * * * (2) transferred, while insolvent, any portion of his property to one or more of his creditors with intent to prefer such creditors over his other creditors. * * *"

[1, 2] The question involved does not call for an interpretation of this provision with respect to the intention of the debtor to give a preference. To avoid any misunderstanding we state that we are in full accord with the unwavering line of decisions that the debtor's intent to prefer is an essential element of the offending act and must be disclosed by the petition. In re Bieler (C. C. A.) 295 Fed. 78, 81, 82. The precise question is whether the statute requires that the petition contain an averment of such intent specifically in words.

While an affirmative and specific averment of this essential element of the act of bankruptcy will always be made by a careful draftsman and is, for obvious reasons, greatly to be desired, we find nothing in the statute which requires it. If the petition charge an act of bankruptcy by averring facts which embrace all the elements of the act and bring the act fully within the definition of the statute, the requirements

of the law have, we think, been met. An inartificial statement is distinguishable from an insufficient statement. In re Ed. W. Wright Lumber Co. (D. C.) 114 Fed. 1011; In re McGee (D C ) 105 Fed. 895; In re Rome Planing Mill (D. C ) 96 Fed. 812; Boyd v Lemon & Gale Co., 114 Fed. 647, 52 C C. A. 343; In re Grant (D. C.) 106 Fed. 496

In the charging paragraph of the petition in this case there is expressly stated the essentials of a transfer by the debtor, while insolvent, of all its property to one creditor to secure an existing indebtedness. The debtor thereby preferred this one creditor over all other creditors and it follows impliedly, because inevitably, that it intended to do the only thing which in the circumstances was possible. We freely say that if in an averment of facts charging such an act of bankruptcy there should lurk any doubt as to the debtor's intent, it would be insufficient, but when the averment states facts which disclose but one possible intent, it would be going far to dismiss the petition because that intent was not stated in words. We agree with the District Court in holding the petition sufficient, in denying the motion to dismiss, and in entering a decree of adjudication.

[3] We come to a matter which at first seemed troublesome but which, on investigation, we find has no place in the discussion. In the agreed statement of facts which is before the court in the nature of a bill of exceptions, the parties regarded and defined the obligations which the bankrupt gave the Trust Company as "first mortgage bonds" secured by "a mortgage dated April 29, 1921, drawn to secure the payment of the bonds, which mortgage was duly recorded July 29, 1921." In the bankruptcy court neither the parties nor anyone else thought of this instrument other than a first mortgage upon real property, or of the bonds other than bonds secured by that mortgage. At the argument it developed, in colloquy, that these bonds were not bonds secured by a mortgage upon described property. The instrument is rather unusual in form. The bankrupt entered into a trust agreement or deed of trust with the Franklin Trust Company as trustee to secure an issue of $100,000 bonds (of which $96,700 par value were later delivered to the same trustee to secure its debt of $47,000). The instrument contains a warrant of attorney authorizing any attorney to appear for the obligor and confess judgment against it in favor of the trustee for the principal

amount of the bonds secured and outstanding. It also provides that the trustee may, when requested by the holders of twenty-five per cent. of the bonds, and, after entry or without entry, proceed to sell, publicly or privately, "all and singular the property then subject to the provision of this Trust Agreement" and apply the proceeds to the payment of the bonds. The question arose whether this instrument, not giving a lien upon specified property at the time it was executed and recorded, was a first mortgage in the sense in which that term was used in the proceedings. We are not required to pass on this question for several reasons, the controlling one being that the question was not raised before the District Court and therefore is not a subject matter of this appeal.

The decree below is affirmed.