## SHINGLETON et al. v. ARMOUR BOULEVARD CORPORATION.

### No. 11509.

Circuit Court of Appeals, Eighth Circuit.

Nov. 17, 1939.

---

[4] Cf. Casebeer v. U. S., 10 Cir., 87 F.2d 668.

Eaton Adams, of Kansas City, Mo. (G. W. Humphrey, Arthur N. Adams, A. N. Adams, Jr., Lancie L. Watts, Leo F. Sebus, and Oscar S. Hill, all of Kansas City, Mo., on the brief), for appellants.

David M. Proctor, Jr., of Kansas City, Mo. (David M. Proctor, Phineas Rosenberg, and C. H. Ewald, all of Kansas City, Mo., on the brief), for appellee.

Before THOMAS and VAN VALKENBURGH, Circuit Judges, and DEWEY, District Judge.

THOMAS, Circuit Judge.

This is an appeal from a judgment in involuntary bankruptcy proceedings against the Armour Boulevard Corporation. The bankruptcy court held that an act of bankruptcy as defined in section 3, sub. a(2), of the Bankruptcy Act, 11 U.S.C.A. § 21, sub. a(2), had not been established on the sole ground that the proof revealed no intention on the part of the debtor to prefer one creditor over others. The amended involuntary petition in bankruptcy was dismissed with costs. The petitioning creditors appeal.

This is the second appeal in the case. The former appeal was from a judgment of the bankruptcy court dismissing the creditors' amended involuntary petition in bankruptcy on the ground that it failed to state facts sufficient to constitute an act of bankruptcy. This court reversed the judgment, holding that an act of bankruptcy had been committed under the facts as described in the petition. The cause was remanded to the lower court for further proceedings consistent with the opinion. Shingleton v. Armour Boulevard Corporation, 8 Cir., 96 F. 2d 473.

Following this mandate, the corporation filed an answer to the amended petition denying the alleged act of bankruptcy and setting out certain affirmative defenses. The petitioning creditors filed their reply. A jury was waived and the issues of fact and law were determined by the court. Upon the conclusion of the evidence the court found that the facts alleged in the amended petition were fully established by the evidence with the exception of the charge that the debtor intended a preference.

The facts as established by the evidence and as found by the trial court are as follows. The Armour Boulevard Corporation was insolvent at the time of the alleged act of bankruptcy. While insolvent, and with full knowledge of its insolvency, it caused and procured a creditor, one Lillian E. Meyenschein, to obtain a judgment against it in the Circuit Court of Jackson County, Missouri, at Kansas City, in a cause entitled Lillian E. Meyenschein, plaintiff v. Armour Boulevard Corporation, defendant, in the amount of $2,974.82. In this cause the Armour Boulevard Corporation, through its counsel, entered its appearance, filed a confession of judgment and presented the said confession of judgment to the circuit court. It thereupon caused, permitted and consented to the rendition of judgment against it, all of which was done on the 16th day of February, 1937.

Following the rendition of judgment in favor of Lillian E. Meyenschein, the Armour Boulevard Corporation caused, suffered and permitted a general execution to issue thereon and, pursuant thereto, on or about March 3, 1937, caused, suffered and permitted the sheriff of Cole County, Missouri, to seize and attach any debts due or to become due by the Modern Woodmen of America, a foreign corporation, to the Armour Boulevard Corporation, or so much thereof as would be sufficient to satisfy the sum of $2,974.82, with interest and costs of suit. Also pursuant to a general execution on the aforesaid judgment, the Armour Boulevard Corporation, on or about March 5, 1937, caused, suffered and permitted the sheriff of Jackson County, Missouri, to attach, levy and seize in the hands of Thomas F. Sotham and Harold E. Sotham all debts owing by them to the corporation, together with all personal property, rights, credits

or other choses in action including all manner and kinds of property whatsoever liable to garnishment of the Armour Boulevard Corporation, in the possession of the garnishees, or so much as would satisfy the sum of $2,974.82, with interest and costs of suit. The judgment, levies and attachments aforesaid have not been vacated or discharged.

. The court found that the Armour Boulevard Corporation is asserting a claim against Thomas F. Sotham and Harold E. Sotham, the above mentioned garnishees, which is the basis of a suit now pending in the Circuit Court of Jackson County, Missouri, at Independence, entitled Armour Boulevard Corporation, plaintiff v. Harold E. Sotham and Thomas F. Sotham, co-partners, etc. This suit is to recover moneys allegedly belonging to the plaintiff corporation. The claim is denied by the defendants.

It was also established that on February 16, 1937, the Armour Boulevard Corporation filed suit against the Modern Woodmen of America alleging that money was owing to the plaintiff and praying for judgment for the moneys allegedly due or, in the alternative, that the court establish a lien on certain real estate owned by the defendant as security. The defendant, Modern Woodmen of America, filed an answer and counterclaim. The cause was tried and on September 15, 1937, judgment was rendered in favor of the Modern Woodmen of America on the petition of the Armour Boulevard Corporation. Judgment was also rendered in favor of the Modern Woodmen of America on its counterclaim against the plaintiff corporation in the amount of $5,750.27.

The court further found that Lillian E. Meyenschein was one of the original incorporators of the Armour Boulevard Corporation and was its executive secretary at all times mentioned above; that the corporate books, records and accounts were kept in her home, and that her residence is, and was at all times mentioned heretofore, the office of the Corporation. In addition, it found that in the suit of Lillian E. Meyenschein v. Armour Boulevard Corporation the defendant corporation had furnished attorneys for her, caused her to file the suit and had furnished the filing fee.

The foregoing findings by the trial court are fully sustained by the evidence introduced by the petitioning creditors. The debtor corporation does not dispute them and concedes that at the close of the appellants' evidence "a prima facie showing of a preference" had been made "admittedly raising an inference of intent to prefer," which, it is claimed, was rebuttable.

To rebut this inference the appellee introduced two exhibits, accompanied by oral evidence in support thereof, which purport to be explanatory of the circumstances surrounding the transfer. The first exhibit is the recorded minutes of a special meeting of the Board of Directors of the Armour Boulevard Corporation held on February 9, 1937, in the office of Proctor & Proctor, attorneys at law. The second is a written statement and agreement executed on the same date by Lillian E. Meyenschein and contained in the minute book of the corporation. The appellee contends that this evidence rebutted any inference that it intended to prefer Lillian E. Meyenschein over its other creditors.

The minutes contain the following resolution:

"Whereas, suit has been or will shortly be filed against this corporation by Lillian E. Meyenschein, for the amount due her as back salary, and

"Whereas, this corporation is justly indebted to her and owes her the sum of $2,974.82 as and for salary to February 1, 1937, and

"Whereas, it will save costs in said suit if this corporation will confess judgment for that amount.

"Now Therefore Be It Resolved, that we instruct our attorneys Mr. C. H. Ewald and Mr. Wm. Buchholz to enter a confession of judgment for the sum of $2,974.82, and that Mr. Fred Schaefer, Treasurer of this corporation, be and he is hereby authorized to execute the affidavit and any other papers necessary in connection with said confession of judgment."

The statement and agreement of Lillian E. Meyenschein is as follows:

"On this, the 9th day of February, 1937, in the office of Proctor & Proctor, Attorneys, Kansas City, Missouri, I do hereby certify that I was in the employ of the Armour Boulevard Corp., a corporation, as stenographer, from the 1st day of November, 1932, to the 1st day of February, 1937; that there is an unpaid balance due me on account of my salary in the sum of Two Thousand Nine Hundred Seventy-four & 82/100 Dollars ($2,974.82).

"Certain of the directors of the Armour Boulevard Corp., a corporation, namely, Paul Hess, Henry Seufert, H. R. Ennis,

·Fred Schaefer and Milton G. Severinghaus, and the attorneys for the Armour Boulevard Corp., a corporation, namely, William Buchholz, C. H. Ewald, David M. Proctor, Sr., and David M. Proctor, Jr., of the firm of Proctor & Proctor, have requested me to file a suit and obtain judgment against the Armour Boulevard Corp., a corporation, for the balance due me. They have requested me to consent to have execution issued on such judgment, if and when obtained, and thereafter, in aid thereof, to have writs of garnishment issued and served on Harold E. and Thomas F. Sotham, doing business as Sotham Brothers, the Modern Woodmen of America, and certain of its directors, as a means of recovering, or aiding in the recovery, of the sum of Thirty-five Thousand & no/100 Dollars ($35,000.00) which is claimed to be due the Armour Boulevard Corp., a corporation, from the said Harold E. and Thomas F. Sotham, the Modern Woodmen of America, or certain of its directors.

"I have consented to this plan solely as a means of aiding the Armour Boulevard Corp., a corporation, my debtor, in recovering, or helping to recover, the sum of Thirty-five Thousand & no/100 Dollars ($35,000.00) from the said persons above mentioned, or certain of them, so that the said Armour Boulevard Corp., a corporation, will have funds sufficient to discharge all of its legal debts and obligations.

"I have a definite understanding with all of the directors above named, and all of the counsel hereinbefore referred to, that, if and when any moneys are recovered as a result of said proposed garnishment proceedings, all of said moneys, whatever the amount may be, will be turned over to the directors of the Armour Boulevard Corp., a corporation, or their agents, for the sole benefit of the Armour Boulevard Corp., a corporation, and for the sole purpose of enabling it to pay its just debts and obligations to divers creditors as their interests may appear. And from any such moneys so recovered, it is my understanding and agreement that, as a creditor, I will receive only my proportionate share, whatever it may be.

"I certify that the said proposed suit and the said proposed garnishment proceedings, while they will be instituted in my name, that they will inure to the benefit of the Armour Boulevard Corp., a corporation, and indirectly to all of its creditors, including myself.

"Lillian E. Meyenschein."

The trial court found that the statement made by ·Lillian E. Meyenschein to the board of directors was binding upon her, but even if not, it was evidence of a rather high order showing the intention of the parties at the time; and that it negatives the natural conclusion of an intent to prefer which might otherwise be drawn from the bare record of the judgment and leads to the conclusion that there was no intention to prefer the creditor, Lillian E. Meyenschein, over other creditors. The appellants challenge this finding as error.

■■ Section 3, sub. a(2), of the Bankruptcy Act, 11 U.S.C.A. § 21, sub. a(2), provides: "Acts of bankruptcy by a person shall ·consist of his having * * * transferred, while insolvent, any portion of his property to one or more of his creditors with intent to prefer such creditors over his other creditors; * * *." Under this statute the burden of proving the act of bankruptcy rested upon the petitioning creditors. Maplecroft Mills v. Childs, 4 Cir., 226 F. 415, 419; In re Bloch, 2 Cir., 109 F. 790, 792. At the conclusion of all the evidence, the appellants had clearly established the insolvency of the Armour Boulevard Corporation and the transfer by it, with full knowledge of insolvency, of a portion of its property to a creditor. The transfer amounted to a preference. 11 U.S.C.A. § 96, sub. a; Shingleton v. Armour Boulevard Corporation, supra; 4 Remington on Bankruptcy (4th ed.) § 1629-30. It remains to determine whether this proof conclusively established the requisite element of intent to prefer even in the face of the explanation contained in the debtor's exhibits.

■ Proof of a preferential transfer made other than in the usual course of business and while insolvent necessarily raises a presumption that the debtor intended to prefer one creditor over others. In the absence of competent evidence rebutting this presumption the fact of intent to prefer sufficiently appears upon proof of these facts. Unless the debtor can show that he was entirely ignorant of his insolvency and was justified in entertaining a reasonable expectation of ability to pay his debts, his insolvency and the transfer must be taken as prima facie evidence that a preference was intended. In re Bloch, supra; Rex Buggy Co. v. Hearick, 8 Cir., 132 F. 310; John Naylon & Co. v. Christiansen Harness Mfg. Co., 6 Cir., 158 F. 290; In re Condon, 2 Cir., 209 F. 800; Bean v. Jarvis, 1 Cir., 19 F.2d 342; In

re Standard-Detroit Tractor Co., D.C. Mich., 275 F. 952; Tropical Paint & Oil Co. v. Southeastern Farm Imp. Co., D.C.S. Car., 288 F. 121; In re Gilbert, D.C.Ore., 112 F. 951; 1 Remington on Bankruptcy (4th ed.) § 139.

In the instant case the debtor made no attempt to deny knowledge of its insolvency. at the time of the transfer. It contends, however, that the presumption fails upon proof that, though ostensibly a preference is given to one creditor, in reality it was given for the benefit of all creditors and provision was made for an equal distribution of the proceeds among them. To sustain this contention the debtor cites In re Bloch, supra; Wager v. Hall, 16 Wall. 584, 602, 21 L.Ed. 504; Missouri-American Electric Co. v. Hamilton-Brown Shoe Co., 8 Cir., 165 F. 283; Lansing Boiler & Engine Works v. Joseph T. Ryerson & Son, 6 Cir., 128 F. 701; In re Advance Oil Co., D.C.Pa., 1 F.2d 440, affirmed at 3 Cir., 1 F.2d 442; Bean v. Jarvis, 1 Cir., 19 F.2d 342; Eastern Drug Co. v. Bieringer-Hanauer, 1 Cir., 8 F.2d 838; In re Freeman Cotting Coat Co., D.C.Mass., 212 F. 548; In re Seeley, Fed. Cas.No.12,628; 1 Remington on Bankruptcy (4th ed.) § 139, p. 224.

The argument affords no aid in the circumstances shown here. The statement signed by Lillian E. Meyenschein is so singularly inconclusive that it seems very doubtful that the debtor ever intended to attempt to enforce it. In and of itself it has none of the characteristics of either a unilateral or a bilateral contract. Certainly the Armour Boulevard Corporation in no way bound itself by a contract for the benefit of all its creditors which might possibly have been enforced by them. It did not sign the statement nor make any promises or offers which may be said to have been accepted by Lillian E. Meyenschein. She accepted no offer and made no promises unless one is to be implied from the general tenor of her remarks and her "understanding" with the directors that the proceeds of the proposed garnishment proceedings were to be turned over to the corporation. She was, of course, entirely within her rights in proceeding against the corporation and reducing to judgment any valid claim that she might have against it. But upon what principle of contract law could she have been compelled to return the proceeds of the garnishment proceedings to the corporation? The statement relied upon to negative an intent to give a preference outlines a plan of action; and the expressed purpose of the plan is inconsistent with the purpose stated in the resolution of the Board of Directors. The object of the plan set out in the resolution was to "save costs". Nothing is said about a benefit resulting to all the creditors. To hold that an interested creditor may execute a unilateral document of this character and thereby nullify the presumption of the debtor's intent that is otherwise raised by the transaction would be to point out a simple method by which favored creditors may be given a preference. Proof of the resulting act of bankruptcy would ordinarily be impossible.

In none of the authorities cited by the debtor are the circumstances analogous to these. Its argument is, in fact, nothing more than a contention that the transfer did not result in a preference. The authorities stressed as sustaining its contentions are simply illustrative of the principle that where the estate is solvent or has been left in as good plight and condition as it was preceding the transfer a preference can not be said to have resulted. Missouri-American Electric Co. v. Hamilton-Brown Shoe Co., supra; Lansing Boiler & Engine Works v. Joseph T. Ryerson & Son, supra; see, also, Cook v. Tullis, 18 Wall. 332, 339, 340, 21 L.Ed. 933; McDonald v. Clearwater Shortline Ry. Co., C.C.Idaho, 164 F. 1007; In re McLoon, D.C.Me., 162 F. 575; City National Bank v. Bruce, 4 Cir., 109 F. 69; 4 Remington on Bankruptcy (4th ed.) § 1630. It of course would follow that if the transfer did not result in a preference the presumption of intent to prefer could never arise. The debtor's proof is not to the effect, however, that the insolvent estate was not diminished by the transfer. The debtor appears to concede that the transfer resulted, at least ostensibly, in a preference. But it says, in effect, that because it did not intend that the estate should remain so diminished, it did not intend to prefer one creditor over others by the transfer; or, in other words, that since it did not intend that its creditor should retain the proceeds of the transfer it must be taken that it did not intend that the transfer should result in a preference. None of the authorities cited sustain this process of reasoning. And the reference to a provision for the equal distribution of the proceeds of a transfer found in Wager v. Hall, and quoted in Re Bloch, supra, can not be said to imply that an unenforcible agreement between debtor and creditor to return the

proceeds of the transfer to the debtor is sufficient evidence to destroy the presumption of an intention to prefer arising from the debtor's insolvency and the preference. We hold that the debtor's evidence was wholly insufficient to rebut the prima facie showing of an act of bankruptcy established by the evidence introduced by the appellants. The finding of the lower court is clearly erroneous.

■ The appellee urges that irrespective of any error that the court may have made in its findings relative to the commission of the act of bankruptcy, it properly dismissed the amended involuntary petition. This argument is based on the contention that the proof failed to disclose three or more petitioning creditors as required by the Bankruptcy Act. 11 U.S.C.A. § 95, sub. b; and see Cutler v. Nu-Gold Ring Co., 8 Cir., 264 F. 836. The claim that the trial court erred in holding otherwise, if sustained, would require an affirmance of the judgment. See In re Schwartz, 2 Cir., 89 F.2d 172; Houchin Sales Co. v. Angert, 8 Cir., 11 F.2d 115.

The appellee concedes that two of the petitioning creditors were properly qualified. The attack is upon the claims of the other three. As to two of them, James A. Shingleton, doing business as Elevator Sales and Service Company, and E. A. Schockmann, doing business as Central Bedding Company, the facts are the same. In its answer the debtor alleged that it did not contract any debts with these parties as individuals and that any debt alleged in the amended petition as owing to them was in fact contracted with the partnership firms of which they were members and is, therefore, the property of the respective partners. In their reply the petitioning creditors denied that either firm was a partnership.

The trial court found that E. A. Schockmann was in fact a member of a partnership during all times material, that the claim belonged to both partners and that Schockmann properly represented both. With reference to the Shingleton claim the court found that Shingleton had heretofore been associated with one Bartlett; that Bartlett had left the business on August 1, 1936, and was no longer interested in the partnership; and that Shingleton properly represented the partnership interest in presenting the claim. The court further found that all the petitioners and intervenors are creditors and have provable claims fixed as to liability

and liquidated as to amounts against the Armour Boulevard Corporation which amount in the aggregate to over $500 in excess of any security held by them.

The appellee contends that the latter finding is erroneous as to the Shingleton and Schockmann claims. Its argument is that for a claim to have existence it must have all the attributes necessary for the claimant to maintain an action thereon under state law; that under Missouri law, Shingleton and Schockmann as individuals could not have maintained an action upon proof of a contract made with a partnership; and that having proceeded under an erroneous theory in their pleadings, they cannot, by contrary evidence, assert that they were properly representing their respective partnerships.

The appellants agree that the appellee is correct in so far as it contends that a creditor must have a claim upon which a cause of action may be maintained under state law. They disagree with the contention that state rules relating to procedure and parties must be followed with reference to the claims of petitioning creditors in involuntary bankruptcy proceedings.

■■ Section 95, sub. b, 11 U.S.C.A., permits three or more creditors, holding provable claims aggregating $500 in excess of the value of securities held by them, to file an involuntary petition in bankruptcy against a debtor. Section 1(9), 11 U.S.C.A. defines a "creditor" as including "anyone who owns a demand or claim provable in bankruptcy, and may include his duly authorized agent, attorney, or proxy." Under this section a creditor's agent may act as a qualified petitioning creditor in his own name. In re Veler, 6 Cir., 249 F. 633. There was no reason for the lower court to dismiss the petition upon finding that Shingleton and Schockmann actually represented partnership claims the validity of which were not denied. The mere fact that the reply denied the existence of these partnerships does not require this result. The petitioning creditors properly represented these claims under the statute.

Since we find that the amended petition was properly filed by more than three petitioning creditors it is unnecessary to determine the validity of the claim of the other petitioner upon which attack is made.

The judgment of the trial court is reversed and the cause remanded for further proceedings consistent with this opinion.