### In re CHASE SUPERIOR, Inc.

District Court, S. D. New York.

June 28, 1940.

Levin & Weintraub, of New York City (Benjamin Weintraub and Samuel Singer, both of New York City, of counsel), for petitioner.

No appearance for respondent.

CONGER, District Judge.

This is a petition to review an order of the referee, disqualifying Benjamin Wein-

286

traub and Alfred Satz from acting as members of the committee of creditors appointed pursuant to Section 338 of Chapter XI of the Bankruptcy Act, 11 U.S.C.A. § 738.

At the initial meeting of creditors held before the referee pursuant to Section 334, 11 U.S.C.A. § 734, the 225 Varick Street Corporation, Weintraub and Satz were nominated as members of the committee of creditors. The 225 Varick Street Corporation is in fact a creditor of the debtor. Weintraub is an attorney-at-law, holding a proxy from the Arrow Dairy Company, Inc., a creditor, and Satz is also an attorney, holding a proxy from Hartford Provision Company, Inc., a creditor. The referee disqualified Weintraub and Satz from acting as members of the committee of creditors on the ground that the statute restricts membership on the committee to creditors in fact.

 I am in accord with the conclusion reached by the referee that Satz and Weintraub are not qualified to serve as members of a creditors' committee. Section 338 provides that at the initial meeting of creditors called pursuant to Section 334 "the creditors may appoint a committee, if none has previously been appointed under this Act [title] * * *". The committee referred to in that section is the creditors' committee in Section 44, sub. b, 11 U.S.C.A. § 72, sub. b. In re Max Fishman, Inc., D.C., 27 F.Supp. 33. That section provides that " * * * creditors may * * * also appoint a committee of not less than three creditors, which committee may consult and advise with the trustee in connection with the administration of the estate, make recommendations to the trustee in the performance of his duties and submit to the court any question affecting the administration of the estate." It seems clear that Congress used the words "creditors" in the phrase "a committee of not less than three creditors" as a condition to membership on such committee. The very purpose of Section 44, sub. b, was to create a body consisting of persons familiar with the business of the bankrupt who could be of real assistance to the trustee in the administration of the estate. It seems obvious that Congress, knowing that the trustee could have the benefit of counsel, did not intend that the committee should consist of representatives of creditors, who, in the usual case, would be attorneys or agents not familiar with the practical problems arising in the liquidation of assets.

 Section 1 (11), 11 U.S.C.A. § 1 (11), permits a creditor to delegate authority to a person to act for him. It enables a creditor to act by a duly authorized attorney, agent or proxy. It does not qualify an agent for service as a member of the creditors' committee. The members of the committee appointed in a proceeding under Chapter XI must be either actual creditors as defined in Section 307 (1), 11 U.S.C.A. § 707 (1), or actual creditors as defined in Section 1 (11), depending upon whether the arrangement is by way of an extension of time of payment of unsecured debts, or by way of settlement and satisfaction of such debts.

Accordingly, the petition to review is dismissed, and the order of the referee is affirmed. Settle order on notice.