PAPP *v.* BROWNLEE.

BANKRUPTCY—TENANTS BY ENTIRETIES—LAND CONTRACT.
> Interest of bankrupt and his wife in land contract in property to which they had held title as tenants by the entireties was not to the advantage of the bankrupt's creditors, by reason of the sale under land contract payable to them as husband and wife or survivor, since their interest is nonseverable (CL 1948, § 557.81).

Appeal from Wayne; Bowles (George E.), J. Submitted June 8, 1960. (Docket No. 16, Calendar No. 48,167.) Decided October 12, 1960.

Bill by Leo Papp, trustee in the matter of James Elias, bankrupt, against Harold Brownlee, Irene Brownlee and Stefanos Stratos, in his effort to marshall assets of bankrupt's estate, to reach sums due on land contract entered into by bankrupt and wife. Bill dismissed. Plaintiff appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
6 Am Jur, Bankruptcy § 883.
Estate by the entirety as an asset in bankruptcy.   47 ALR 437.

*Leo Papp*, *in propria persona.*

*James A. Jameson*, for defendant Stratos.

Kelly, J. Plaintiff and appellant's bill of complaint (filed August 19, 1958) alleged that he is the duly appointed and qualified trustee in the matter of James Elias, bankrupt; that the bankrupt and his wife are the record titleholders of real estate in Belleville, Michigan; that defendants purchased said real estate from the bankrupt and his wife by means of a land contract; that the interest of the bankrupt and his wife as vendors of said real estate is regarded as personalty by operation of law, and plaintiff prayed that the court order defendants to pay the proceeds from said land contract to plaintiff.

After being denied the relief sought, plaintiff appeals to this Court stating:

"*A vendor's interest in a land contract is personalty.* While the real estate in question was originally owned in fee simple by the bankrupt James Elias and his spouse, Olga Elias, subsequently thereto they held nothing but a naked title in the nature of a security for the balance of the purchase price after they had sold the property on land contract. Through the operation of 'equitable conversion' the interest of the vendors in the land contract became personalty and as such is divisible between the husband and wife because there is no entireties property in personalty."

Appellees contend that the United States district court, sitting in bankruptcy, could not adjudicate with respect to the real estate in question owned by bankrupt and his wife as tenants by the entireties because bankrupt's wife did not file separate petition and schedule, or otherwise join with him in the bankruptcy proceedings.

·∶ In *Moore* v. *Van Goosen,* 250 Mich. 67, we said (p 70):

"Plaintiff urges that the (defendants') vendors' interest in the land contract, exchanged for material for the building, was personalty, citing *Detroit Trust Co.* v. *Baker,* 230 Mich 551; *Bowen* v. *Lansing,* 129 Mich 117 (57 LRA 643, 95 Am St Rep 427), in which the evidence not showing otherwise, it is presumed their interests were equal, and that therefore the one-half interest of the bankrupt, so exchanged, may be reached by creditors. Defendants sold entirety property. They took back a contract to themselves as vendors and as tenants by the entirety. Their contract interest was held in the same manner and subject to the same law as the land itself, and the change from the holding in fee to an interest as vendors was without advantage to creditors. *Dickey* v. *Converse,* 117 Mich 449 (72 Am St Rep 568); *Detroit & Security Trust Co.* v. *Kramer,* 247 Mich 468."

Also, in *Battjes Fuel & Building Material Co.* v. *Milanowski,* 236 Mich 622, 624, we held:

"PA 1925, No 126 (CL 1948, § 557.81 [Stat Ann 1957 Rev § 26.191]), provides that in case a contract for the sale of property owned by husband and wife as tenants by the entirety is entered into by them as vendors, then all payments, together with interest, unless otherwise expressly stated in the contract, shall, after the death of either, be payable to the survivor, and all rights in and under the contract shall vest in the survivor. This statute recognizes a nonseverable interest of husband and wife in such a contract with full rights to the survivor. This negatives any right of the husband to a determinable moiety under judicial holding, so long as the contract stands unimpeached for fraud. The husband could not, in any proceeding known to the law, have judgment determining and separating his interest, and

what he cannot have, his creditor, in his place, cannot secure."

Affirmed. Costs to appellees.

DETHMERS, C. J., and CARR, SMITH, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.