**In the Matter of Jimmey E. YANCY, Debtor.**

**Jimmey E. YANCY, Plaintiff,**

**v.**

**ADREE ACCEPTANCE CO., Successor in interest to Pines Investment Co., Defendants.**

**Bankruptcy No. 79-60265.
Adv. No. C-1.**

United States Bankruptcy Court, E.D. Michigan, S.D.

Sept. 30, 1982.

946

Brian M. Barkey, Barkey & Hynes, Flint, Mich., for plaintiff.

Jeffrey A. Chimovitz, Flint, Mich., for defendants.

## MEMORANDUM OPINION

HAROLD H. BOBIER, Bankruptcy Judge.

*Introduction*

This matter comes before the Court on the verified complaint filed by the bankrupt, Jimmey E. Yancy, on July 1, 1981, which seeks to set aside a foreclosure sale and to declare the resulting Sheriff's Deed to be null and void pursuant to the provisions of the Bankruptcy Act.

*Findings of Fact*

The parties, by and through their respective counsel, have agreed and stipulated to the following uncontested facts:

1. On November 9, 1973, certain real estate located in the City of Flint, and commonly known as 1542 Maryland, was acquired by Jimmey E. Yancy and his wife, Ann L., by warranty deed, and subject to a mortgage for the sum of $13,850, held by Mid States Mortgage Corporation.

2. On November 12, 1974, the Yancys entered into a contract for waterproofing of the basement located at the Maryland address and entered into a contract with Universal Coating Corporation to perform this work, and to finance this by use of a promissory note and mortgage. The waterproofing costed $3700, $200 of which was paid down. The balance of $3500 was financed over the space of five years and consisted of payment of $82.04, which included interest at the rate of

13.82 percent and total payments of $5,122.40. The mortgage was duly recorded in Mortgage Liber 1866 at page 620. This mortgage was subsequently assigned to Adree Acceptance Co. Adree Acceptance Co. engaged Pines Investment Co. to collect this obligation from the Yancys.

3. On May 25, 1979, Jimmey E. Yancy filed a petition and schedules in bankruptcy. At the time, the mortgage owed Mid States Mortgage Corporation was current and the obligation being paid to Pines Investment was either current or less than 30 days in arrears. The schedules list Pines Investment Co. as a creditor, they listed Jimmey E. Yancy's interest in real estate as an asset under Schedule B–1, and claim Jimmey E. Yancy's real estate interest as exempt in Schedule B–4.

4. On August 15, 1979, the trustee entered a report that the real estate interest of Jimmey E. Yancy was exempt.

5. On August 31, 1979, this report became final and conclusive.

6. On July 27, 1979, Pines Investment and/or Adree Acceptance prepared and caused to be issued a notice of mortgage foreclosure sale.

7. On September 7, 1979, a mortgage foreclosure sale was actually held, and the said Adree Acceptance purchased this property at the sale for the sum of $1,094.55, a copy of the Sheriff's Deed on mortgage sale, and affidavit of publication, and affidavit of posting are attached hereto.

8. That on September 8, 1980, the equity of demption on this mortgage foreclosure expired.

9. On June 25, 1981, Adree Acceptance began a state district court action for the eviction of Jimmey E. Yancy and all other occupants of 1542 Maryland, Flint, Michigan.

Based upon the above stipulation of facts, it is undisputed that the petition for relief was filed in this Court on May 25, 1979, and that Pines Investment Company, which was the collecting agent for the creditor, Adree Acceptance Company, was duly listed in the accompanying schedules and statement of affairs and did indeed receive notice of the bankruptcy proceedings. It is likewise clear, however, that the creditor, Adree Acceptance Company, was not listed in the schedules or statement of affairs, and as a result, did not receive formal notice from this Court of the bankrupt's pending petition for relief under the Bankruptcy Act.

*Issues*

The issues presented for this Court's determination are as follows:

1. Whether Pines Investment Company, as the collecting agent for the creditor Adree Acceptance Company, was acting as the agent for Adree, and while acting in such agency capacity, was properly served with notice of the bankruptcy proceedings and whether such notice can be imputed to Adree.

2. Whether the mortgage foreclosure sale which was conducted on September 7, 1979 and the resulting Sheriff's Deed which sold the real property to Adree for $1,094.55 was in violation of the automatic stay created by Rule 601 of the Rules of Bankruptcy Procedure and therefore void.

3. Whether plaintiff's reliance on Rule 601 of the Rules of Bankruptcy Procedure, the automatic stay, is affected by lack of formal notice to defendant Adree by the bankruptcy court.

*Discussion of Law*

■ The stipulation of facts clearly indicate that the second mortgage granted to Universal Coating Corporation ("Universal") was subsequently assigned to Adree Acceptance Company ("Adree") which, in turn, engaged Pines Investment Company ("Pines") to collect payments from the bankrupt. Under such circumstances, Adree cannot be heard to complain about lack of notice of the bankruptcy proceedings when in fact proper notice was made to Pines, its duly authorized agent. Indeed, section 1 of the Bankruptcy Act defines a creditor as follows:

Creditor shall include anyone who owns a debt, demand, or claim provable in bankruptcy, and may include his duly authorized agent, attorney, or proxy. 11 U.S.C. § 1(11).

Likewise, all of the cases of which this Court is aware which have addressed this issue have consistently concluded that service on a principal's agent is service on the principal itself. For example, in the case of *Shingleton v. Armour Boulevard Corporation,* 107 F.2d 440 (8th Cir. 1939), the Court of Appeals for the 8th Circuit affirmed a referee's decision that a creditor's agent could act on its behalf in joining in an involuntary bankruptcy petition. *See also In re Chase Superior,* 34 F.Supp. 285 (D.C. N.Y.1940) and *In re Veler,* 249 F. 633 (6th Cir. 1918). Similarly, in the case of *Garren v. Saccomanno,* 86 Idaho 268, 385 P.2d 396 (1963), and agent who was authorized to collect the debt of his principal was held to be a creditor under section 1 of the Bankruptcy Act, and as such, had a provable claim in bankruptcy. *See also In re Veler,* supra. Therefore, since Pines was properly listed in the schedules and received notice of the bankruptcy proceedings, Adree must be assumed to have received proper notice as well. Notwithstanding, however, failure to receive notice does not validate Adree's actions taken in violation of the automatic stay.

In addition to the technical defense of lack of notice, the defendant, Adree, raises the issue of whether its actions to foreclose on its second mortgage was subject to the automatic stay imposed by Rule 601 of the Rules of Bankruptcy Procedure. Subsections (a) and (b) of Rule 601 state as follows:

The filing of a petition shall operate as a stay of any act or the commencement or continuation of any court proceeding to enforce (1) a lien against property in the custody of the bankruptcy court, or (2) a lien against the property of the bankrupt obtained within 4 months before bankruptcy by attachment, judgment, levy, or other legal or equitable process or proceedings.

Except as it may be terminated, annulled, or modified by the bankruptcy court under subdivision (c), (d), or (e) of this rule, the stay shall continue until the bankruptcy case is dismissed or closed, or until the property subject to the lien is, with the approval of the court, set apart as exempt, abandoned, or transferred.

Counsel for the defendant has consistently argued that the automatic stay created by the filing of a petition for relief under the Bankruptcy Act does not apply in this case because the property subject to the lien which formed the basis of the foreclosure proceedings was entireties property, and as such, was exempt for the bankruptcy proceedings, and therefore not subject to the automatic stay. In support of this proposition, counsel for the defendant cites the cases of *Papp v. Brownlee,* 361 Mich. 501, 105 N.W.2d 430 (1960) and *McMullen v. Zabawski,* 283 F. 552 (D.C.E.D.Mich.1922). The *Papp* case is often cited for the proposition that entireties property is not divisible by the unilaterial action of one tenant; but, rather, needs the concurrence of both husband and wife in order to effectuate any transfer thereof. In *McMullen,* the court recognized the concept of entireties property, but did not make a substantive ruling as to whether such interest passed to the trustee in bankruptcy because the only issue before the court was whether the trustee's complaint to set aside a fraudulent conveyance should be dismissed for failure to state a cause of action. Therefore, the court's ruling in *McMullen* is limited to its denial of the motion to dismiss, and does not stand for the proposition that entireties property never passes to the trustee in bankruptcy, nor to the custody or control of the bankruptcy court.

It is the opinion of this Court that Rule 601, which was promulgated by the Supreme Court and approved by Congress in 1972, is determinative as to whether Adree's commencement of foreclosure proceedings on August 3, 1979 was violative of the automatic stay instituted by the filing of the bankrupt's petition for relief on May 25, 1979. The Advisory Committee's Note

which accompanies and explains Rule 601 states in pertinent part as follows:

The first branch of subdivision (a) protects the custody of the bankruptcy court against interference by an attempt to enforce a lien, whether the attempt is by a judicial proceeding or by a nonjudicial mode of enforcement. Property is in the custody of the bankruptcy court if it is in the actual or constructive possession of the bankrupt at the date of bankruptcy. See *Ex parte Baldwin,* 291 U.S. 610, 615 [54 S.Ct. 551, 553, 78 L.Ed. 1020] (1934); *Chicago Board of Trade v. Johnson,* 264 U.S. 1, 12.[44 S.Ct. 232, 234, 68 L.Ed. 533] (1924); *Lazarus, Michel & Lazarus v. Prentice,* 234 U.S. 263, 266–67 [34 S.Ct. 851, 852–853, 58 L.Ed. 1305] (1914); *Acme Harvester Co. v. Beekman Lumber Co.,* 222 U.S. 300, 307 [32 S.Ct. 96, 99, 56 L.Ed. 208] (1911); 1 Collier ¶ 2.62[1] (1968); MacLachlan, *Bankruptcy* 205 (1956); Mussman & Risenfeld, *Jurisdiction in Bankruptcy,* 13 Law & Contemp.Prob. 88, 92, 98 (1948). Insofar as such property is concerned, the rule is a substantially restricted restatement of the much quoted and applied dictum of *Mueller v. Nugent,* 184 U.S. 1, 14 [22 S.Ct. 269, 274–275, 46 L.Ed. 405] (1901), that *'the petition is a caveat to all the world, and in effect an attachment and injunction.'* Once the jurisdiction of the court has attached, any act or proceeding brought in another court to enforce a lien against such property cannot disturb the custody of the bankruptcy court without its consent. See *Isaac [Isaacs] v. Hobbs Tie & Timber Co.,* 282 U.S. 734, 737 [51 S.Ct. 270, 271, 75 L.Ed. 645] (1931). The automatic stay is thus a logical corollary of the bankruptcy court's exclusive jurisdiction to deal with the property of the bankrupt within its custody from the date of bankruptcy. The term 'lien' is used in the rule to include a consensual security interest in personal or real property, a lien obtained by judicial proceedings, a statutory lien, or any other variety of charge against property securing an obligation. (Emphasis added.)

Rule 601 of the Rules of Bankruptcy Procedure was promulgated and adopted in conformity with section 148 of the Bankruptcy Act which states in its entirety:

Until otherwise ordered by the judge, an order approving a petition shall operate as a stay of a prior pending bankruptcy, *mortgage foreclosure,* or equity receivership proceedings, of any act *or other proceeding to enforce a lien against the debtor's property.* (Emphasis added.) 11 U.S.C. § 548.

Prior to the adoption of Rule 601, the leading and most often cited United States Supreme Court decisions on this issue consistently held that the filing of a petition for relief under the Bankruptcy Act stays any act to recover money or property from the bankrupt and precludes any future act to collect a debt. For example, in the case of *Ex parte Baldwin,* 291 U.S. 610, 54 S.Ct. 551, 78 L.Ed. 1020 (1934), the United States Supreme Court set forth the general rule as follows:

All property in the possession of a bankrupt of which he claims the ownership passes, upon the filing of a petition in bankruptcy, into the custody of the court of bankruptcy. To protect its jurisdiction from interference, that court may issue an injunction. The power is not peculiar to bankruptcy or to the federal courts. It is an application of the general principle that where a court of competent jurisdiction has, through its officers, taken property into its possession the property is thereby withdrawn from the jurisdiction of other courts. Having possession, the court may not only issue all writs necessary to protect its possession from physical interference, but is entitled to determine all questions respecting the same. The jurisdiction in such cases is exclusive of the jurisdiction of other courts, although otherwise the controversy would be cognizable in them. In bankruptcy, this rule applies regardless of whether the property is located in the district in which the bankruptcy proceeding originated. The injunction to protect its possession may issue either from the court of original jurisdiction, or from the federal

court for the district in which the state court suit is brought or in which the plaintiff in that suit resides. (Citations and footnote deleted.) *Id.* at 615, 54 S.Ct. at 553.

*See also Straton v. New,* 283 U.S. 318, 51 S.Ct. 465, 75 L.Ed. 1060 (1931) and *Isaacs v. Hobbs Tie & Timber Co.,* 282 U.S. 734, 51 S.Ct. 270, 75 L.Ed. 645 (1931).

Although counsel for the defendant agrees with the above discussion of cases, court rules and statutes, his basic contention is that the automatic stay does not apply to the defendant because under the stipulated facts of this case, the entireties property never passed to the trustee in bankruptcy, and therefore, the real property was not subject to the automatic stay imposed by Rule 601. This argument, however, does not take cognizance of two essential factors. The first factor is the explicit wording of subsection (b) of Rule 601 which can be paraphrased to read as follows: "the stay shall continue until the property subject to the lien is, *with the approval of the court,* set apart as exempt, abandoned, or transferred. (Emphasis added.) In other words, irrespective of whether entireties property passes to the trustee in bankruptcy on filing, the automatic stay is imposed on all creditors until a determination can be made by the court with respect to the transferability of the real property. The reason for the rule is to protect the court's jurisdiction over the bankrupt's property and to allow the trustee sufficient time to determine the property to which he is entitled. *See Vought v. Kanne,* 10 F.2d 747 (8th Cir. 1926) and *In re Grimes,* 6 B.R. 943 (Bkrtcy. D.Kan.1980).

For example, entireties property, in excess of the statutory exemption for the benefit of the deed holders, is subject to joint debts owed by the deed holders. *Roberts v. Dick & Co.,* 275 F.2d 943 (4th Cir. 1960). Joint creditors of bankrupts could object to a trustee's report which exempted the entireties property in such a case. Defendant, in its brief, misapplies the law when it is stated that property held by the entireties cannot be administered by the bankruptcy court. *Napotnick v. Equibank,* 679 F.2d 316, C.C.H.Bank.L.Rep. ¶ 68,715 (3rd Cir.1982).

While the bankruptcy courts will follow and adopt state law, in determining the nature and extent of state exemptions, the manner in which such exemptions are to be claimed, set apart and awarded is regulated and determined by the federal courts as a matter of procedure in the course of bankruptcy administration, and they are not bound or limited by state decisions or statutes. Where the right of exemption exists and the bankrupt desires the exemption set apart to him, he must claim it as prescribed by the Bankruptcy Act.

A few cases in the past have held that certain exemptions were self executing and that there was no necessity for claiming them in the bankruptcy court. These holdings were in themselves questionable, and are no longer tenable in view of the language of Rule 403(b) pertaining to the trustee's duties as to the bankrupt's exemptions. It is clear, therefore, that it is incumbent upon the bankrupt to claim his exemptions in his schedules, regardless of the character of the exemption, and a failure to do so, not cured by amendment, constitutes a waiver of his rights. *See* 1A *Collier on Bankruptcy,* 916.18 (14th Ed.).

On a filing of a petition in bankruptcy, custody of the bankruptcy court attaches *over all property* in its actual or constructive possession. *In re Lustron Corp.,* 184 F.2d 789 (7th Cir.1950).

The second factor which refutes the position taken by the defendant is that the stipulation of facts states that the report on exempt property was not final and conclusive in this case until August 31, 1979. Attached to the written stipulation of facts submitted by counsel are copies of the notices and other papers concerning the mortgage foreclosure proceedings in the State court. These documents clearly indicate that the first notice of publication of foreclosure was made on August 3, 1979, and renoticed on August 10, 17, 24, and 31, 1979. Therefore, there is no dispute that the de-

fendant caused the foreclosure proceedings to be commenced before there was a determination as to the exemptibility of the real estate. As a result, the defendant is in violation of the automatic stay imposed by Rule 601, and as such its actions in the foreclosure proceedings are null and void. *See Schrepel v. Davis,* 283 F. 29 (8th Cir. 1922).

The above discussion takes into account the decisions by the Court of Appeals for the Sixth Circuit in the cases of *Harris v. Manufacturers National Bank of Detroit,* 457 F.2d 631 (6th Cir.1972) and *Fetter v. United States,* 269 F.2d 467 (6th Cir.1959). In *Harris* and *Fetter* the issue was whether entireties property which is exempt under the laws of the state of Michigan can pass to the benefit of creditors by way of the trustee in bankruptcy. In each case the Court of Appeals for the Sixth Circuit held that whenever only one spouse files for bankruptcy and claims entireties property as exempt, then such property does not pass to the trustee for distribution to creditors. The *Harris* and *Fetter* decisions do not, however, address the very limited issue of whether creditors are stayed from initiating of reclosure proceedings on entireties property before the bankruptcy court can make a determination as to whether such property should be included in the bankruptcy estate or allowed to be exempt from administration. For this reason it is the opinion of this Court that the *Harris* and *Fetter* decisions are not controlling on the issue presented. In addition, it should be noted that Rule 601 in its present form was adopted after the decisions in *Harris* and *Fetter* were rendered.[1]

Additionally, this Court takes notice that in 1973 the mortgage balance on debtors premises was in the amount of $13,850.00 to the first mortgagee. Nine years later, all things being equal, the land should not be of lesser value today. The defendant, who was the second mortgagee, purchased the land and premises for the sum of $1,094.55 at the sheriff's sale. Under such circumstances, the case of *Rothenberg v. Follman,* 19 Mich.App. 383, 172 N.W.2d 845 (1969), is controlling. The forfeiture is unreasonable and grossly disproportionate to other remedies available. If necessary, plaintiff may seek relief under such case by offering to pay the mortgage balance due plus interest and reasonable expenses to the defendant.

*Conclusion*

For the foregoing reasons, it is the opinion of this Court that the foreclosure proceedings which were initiated by the defendant on August 3, 1979 and which resulted in the execution of a Sheriffs Deed on mortgage sale dated September 7, 1979, were actions taken in violation of the automatic stay, and therefore, are hereby set aside as void and of no effect. In setting aside the Sheriff's Deed, however, this in no way affects either the validity of the second mortgage held by the defendant nor its right to seek payment in compliance with the mortgage and mortgage note executed by the bankrupt.

A separate order shall be entered in accordance with this opinion and in compliance with Rule 921 of the Rules of Bankruptcy Procedure.

---

1. Under the new Bankruptcy Code, pursuant to sections 362 and 541, there would be no doubt as to the applicability of the automatic stay with respect to entireties property because section 541 specifically includes entireties property in the bankruptcy estate. One of several illustrative cases which point out this vital change in the bankruptcy laws is *In re Koehler,* 6 B.R. 203, C.C.H.Bank.L.Rep. ¶ 67,877 (Bkrtcy. M.D.Fla.1980). Since entireties property is unquestionably included in the definition of "property of the estate" under the Bankruptcy Code, any foreclosure proceedings, whether instituted prior to or after the filing of the petition for relief, is subject to the automatic stay imposed by section 362. If a mortgagee or vendor does not obtain relief from the automatic stay and proceeds to foreclose, the creditor is in violation of the automatic stay and may be subject to contempt proceedings. In addition, if a Sheriff's Deed or other judicial conveyance of the real property has been made then such conveyance shall be set aside as being null and void. *See In re Motley,* 10 B.R. 141, 7 B.C.D. 477 (Bkrtcy.M.D.Ga.1981) and *In re Mongiove,* 9 B.R. 34, C.C.H.Bank.L.Rep. ¶ 67,908 (Bkrtcy. S.D.Fla.1980).