## In re MAX FISHMAN, Inc.

District Court, S. D. New York.
Jan. 17, 1939.

In Bankruptcy. Proceeding for an arrangement, in the matter of Max Fishman, Incorporated, debtor, wherein the referee denied petition by creditors' committee for allowance of expenses.

Referee's order denying allowances of expenses affirmed.

Silverman & Siegel, of New York City (Nathan Silverman, of New York City, of counsel), for Creditors' Committee.

George Knopp, of New York City, for debtor.

PATTERSON, District Judge.

The referee denied a petition by a creditors' committee for allowance of expenses in a proceeding for an arrangement under Chapter 11 of the Bankruptcy Act, 11 U.S. C.A. § 701 et seq.

The debtor filed petition for arrangement on October 14, 1938. In the plan it offered payment of 25 percent, partly in cash and partly in notes. A few days later a number of the creditors held a meeting out of court, at which meeting a committee was chosen. The committee retained an attorney and an accountant. In the interval between October 14th and November 15th, the date set by the referee for the general meeting, the attorney and the accountant performed services. As a result of such services and of conferences in which the attorney and the accountant participated, the debtor amended its offer and tendered payment of 50 percent in cash.

At the first meeting of creditors called by the referee, on November 15th, the same men who made up the informal creditors' committee were formally elected the creditors' committee. They adopted and assumed the expenses and obligations incurred by the informal committee and made application to the referee for the payment of such expenses, $250 for services of the lawyer and $175 for services of the accountant. The debtor opposed. The referee denied the application on the ground that he had no power to allow such a charge.

The application was made under section 337 (2), 11 U.S.C.A. § 737 (2), where it is provided that the judge or referee, after acceptance of an arrangement, shall direct the debtor to deposit "the money necessary to pay the costs and expenses of the proceedings and the actual and necessary expenses incurred in connection with the proceedings and the arrangement by the committee of creditors and the attorneys or agents of such committee, in such amount as the court may allow." One objection presented by the debtor is that "actual and necessary expenses incurred in connection with the proceedings and the arrangement by the committee of creditors" do not include compensation of an attorney or of an accountant for the committee. This very section, however, recognizes that employment of "attorneys or agents of such committee" may be necessary in some cases, and it cannot be doubted that in such cases fair compensation for attorneys and agents so employed is an actual and necessary expense of the committee. There is no merit in the objection.

A more serious objection urged by the debtor is that the court has no power to grant an allowance to a committee for expenses incurred prior to the first meeting of creditors. This objection the referee sustained. Section 338, 11 U.S.C.A. § 738, provides: "At such meeting [the first meeting] the creditors may appoint a committee, if none has previously been appointed under this Act [title]." The reference to previous appointment under the Act is obviously to section 44b, 11 U.S.C.A. § 72b,

permitting in an ordinary bankruptcy the appointment of a creditors' committee at the first meeting. I agree with the referee that when Congress provided in section 337 (2) that "the actual and necessary expenses incurred * * * by the committee of creditors", as allowed by the court, should be borne by the debtor, the committee meant is the committee appointed either under section 338 or under section 44b. It was surely not the intention that the debtor might be saddled with the expenses of any number of committees that groups of creditors might choose at informal gatherings, committees whose existence is not recognized by this chapter of the Act. The expenses incurred before the first meeting were in reality those of an informal committee and not those of the committee appointed under section 338, and the latter committee may not by assuming them make them its "actual and necessary" expenses for allowance against the debtor. To recognize such an assumption would be an evasion of the Act. The work done by the attorney and the accountant for the informal committee was meritorious and for the benefit of all creditors and it promoted a speedy and efficient administration of the proceeding. But without stretching the provisions of the Act there is no authority for allowing such expenses as expenses to be paid by the debtor.

The cases cited by the committee are cases decided under section 77B of the former Act, 11 U.S.C.A. § 207, where expenses incurred by a committee prior to intervention in the case and even prior to institution of the proceeding have been allowed. Fuller v. Memphis Street Ry. Co., 6 Cir., 86 F.2d 891; Sullivan & Cromwell v. Colorado Fuel & Iron Co., 10 Cir., 96 F.2d 219. The situations are not alike. Under section 77B a committee of creditors might have existence prior to intervention in a case. Under Chapter 11 of the present Act there is no committee, so far as allowance of expenses is concerned, until appointment at a first meeting of creditors held pursuant to Chapter 11 or to section 44b.

The referee's order denying allowance of expenses was right and will be affirmed.