## In re FISHER DRESS CORPORATION.

District Court, S. D. New York.

March 4, 1939.

Zipser & Zipser, of New York City, for debtor.

Hahn & Golin, of New York City (J. Jacob Hahn, of New York City, of counsel), for Creditors' Committee.

COXE, District Judge.

This is a petition to review a referee's order disallowing a claim filed by a creditors' committee for services and expenses for the period to December 12, 1938. The claim was disallowed solely on the ground that it was not based on any warrant in law.

On November 16, 1938, the debtor filed a petition for an arrangement under Chapter XI of the Bankruptcy Act, 11 U.S.C.A. § 701 et seq., in which it proposed to pay creditors in full over a period of approximately three years. A general creditors' meeting was thereafter held on November 18, 1938, at which a representative committee was chosen to look after the interests of the creditors. This committee, after appointing a secretary and retaining attorneys, performed services in investigating the affairs of the debtor and in negotiating a settlement.

As a result of these negotiations, the plan initially proposed by the debtor was amended so as to provide for a cash payment of 60% to general creditors and the payment of all priority claims and administration expenses. This amended plan was filed on November 30, 1938, and contains the following provision: "It (the debtor) proposes to pay in full and upon the entry of an order confirming the within arrangement, the reasonable expenses incurred by a committee of creditors of the debtor elected at a general meeting of creditors held at the New York Credit Men's Association on November 18, 1938".

The first meeting of creditors was held on December 12, 1938, and at that time the same persons who had been functioning as an informal committee were appointed an official committee as provided in Section 338 of the Bankruptcy Act. The amended plan was confirmed on January 21, 1939.

On December 10, 1938, or just prior to the first meeting of creditors, the committee filed a verified proof of claim for its services and expenses to December 12, 1938, to which it attached a bill of the attorneys for $300, a bill of the secretary for $200, and a bill of the committee for $49.47 for postage and mimeographing. The debtor objected to the claim on the ground that it was "excessive and unreasonable"; but stated that it was "willing and desires to pay such expenses of the creditors committee as is just and reasonable."

The referee based his ruling on the decision of Judge Patterson in Matter of Max Fishmen, Inc., D.C., 27 F.Supp. 33, dated January 17, 1939, in which it was held that an informal committee chosen by the creditors prior to the first meeting had no standing for an allowance against the objection

of the debtor. That case is to be distinguished on the ground that there was no provision in the plan for the payment of the expenses of the committee. Here the plan expressly provides that the reasonable expenses of the committee will be paid in full. This was a firm engagement, which the debtor had a perfect right to make, and it does not run counter to anything in the statute.

The petition to review is sustained, and the referee's order reversed; and the case is referred back to the referee, with a direction to determine the claim on the merits.