## In re HAYTIAN CORPORATION OF AMERICA.

District Court, S. D. New York.

April 16, 1940.

Wise, Shepard, Houghton & Lebett, of New York City (J. W. Kelly, of New York City, of counsel), for debtor.

Brown, Brenton & Watts, and Krause, Hirsch & Levin, all of New York City (Charles Foster Brown and Sydney Krause, both of New York City, of counsel), for Statutory Committee.

Krause, Hirsch & Levin, of New York City, for Hanson Committee.

Brown, Brenton & Watts, of New York City (Charles Foster Brown, of New York City, of counsel), for Wales Committee.

Louis Boehm, of New York City (Samuel Zeiger and Robert L. Boehm, both of New York City, of counsel), for Prince Committee.

HULBERT, District Judge.

Petitioners seek to review a Referee's order in so far as it denies their applications for allowances and disbursements.

The primary question presented by this appeal is whether the court has any power to grant allowances, including disbursements, to the petitioners.

The Debtor, on October 14, 1938, filed a voluntary petition for relief, accompanied by a proposed Arrangement, Schedules and a Statement of Affairs, under Chapter XI, Section 322 of the Bankruptcy Act, 11 U. S.C.A. § 722. Its liabilities consisted of a Fifteen-Year 8% Debenture Bond issue of $3,000,000 maturing December 31, 1938, upon which interest had not been paid for some time past and other claims of miscellaneous creditors amounting to $1,283.73.

The Debtor is primarily a holding corporation, having complete ownership of several subsidiaries, including a sugar company, a railroad company, a wharf company, and other related companies operating in the Republic of Haiti. Its business thus carried on was the production of sugar and by-products such as rum, molasses and alcohol.

Ultimately, a Second Modified Arrangement was presented and confirmed by the

Referee in all respects "with the exception of paragraph XI thereof", which reads as follows: "XI. The Costs and Expenses of the Arrangement. Subject in all respects to the approval of the Court as to the reasonable value and amount thereof, the Debtor proposes to pay compensation for, and expenses and disbursements of (1) the Creditors' Committee duly appointed by the Court, the Hanson Committee, the Wales Committee and the Prince Committee, whose expenses and disbursements of their respective attorneys and counsel (2) the attorneys for the Debtor, and (3) the attorneys for the corporate Trustee under the Debenture Bond Agreement."

Subsequently, the Referee made allowances:

1. To the attorneys for the Creditors' Committee created under the Act.

2. To the attorneys for the Debtor, and

3. To the attorneys for the corporate Trustee.

He denied all other applications.

The Official Committee sought no allowance for its members[1] but requested compensation for the members of the Hanson Committee and the members of the Wales Committee whom it had employed "as agents". The Prince Committee petitioned for an allowance, including disbursements, as did also the counsel retained by that Committee.

The Referee, in the order of confirmation, expressly reserved the right to pass upon the *propriety* as well as the amounts of all fees and expenses requested in paragraph XI, and said in his Opinion: " * * * the provisions of paragraph XI of the approved plan to be effectual and proper must meet these two qualifications, namely, that (a) the debtor has made a firm engagement, and (b) that this engagement does not run counter to the Act. *As to the first I have already found in the affirmative,* and as to the second, it appears that with respect to certain of the committees and persons meant to be compensated, the provisions of paragraph XI of the approved

plan contravene the intent and express provisions of the Statute." (Italics mine.)

The Referee reasons that the statute, Sec. 337(2) of the Bankruptcy Act, 11 U. S.C.A. § 737(2), contemplates but one committee after the first meeting of creditors— the Official Committee then appointed— and that its members are not compensable under the statute. However, I do not find anything in the Act which forbids or precludes other informal committees. On the other hand, Local Rule XI–9 of the Bankruptcy Rules of this court expressly authorizes them.

It is true there is no express provision for the compensation of unofficial committees but the statute provides only what the Debtor *must* pay. In this case the Debtor voluntarily made a firm engagement for compensation, reserving the right to object to the amount.

The Referee relies upon two cases:

In re Max Fishman, Inc., D.C., 27 F. Supp. 33, 34, 39 A.B.R.,N.S., 187. That was an Arrangement proceeding in this court. An informal creditors committee, chosen prior to the first meeting retained an attorney and an accountant through whose services an amendment of the Arrangement proposed by the Debtor, more favorable to the creditors, was secured. Thereafter, at the first meeting of creditors, this informal committee was made the Official Committee and sought *to compel payment* by the Debtor for the services rendered by the attorney and accountant, and disbursements incidental thereto. The Debtor *resisted* the application which the Referee denied for lack of power. On petition for review, the court sustained the Referee, and said: "I agree with the referee that when Congress provided in section 337(2) that 'the actual and necessary expenses incurred * * * by the committee of creditors' as allowed by the court, should be borne by the debtor, the committee meant is the committee appointed either under section 338 or under section 44 [sub.] b [11 U.S.C.A. § 72, sub. b; § 738]. It was surely not the intention that

---

[1] The Hanson Committee was created in 1936 in anticipation of a default by the Debtor in the payment of its Debenture Bonds; the Wales Committee was formed subsequent to Oct. 14, 1938 and prior to the first meeting of creditors; the Prince Committee came into existence about 10 days subsequent to the appointment of the Official Committee which consisted of four members, two of whom were nominated by the Hanson Committee and two by the Wales Committee; all of whom had been previously associated with the Committees by which they were respectfully nominated but none of whom were members thereof.

the debtor might be saddled with the expenses of any number of committees that groups of creditors might choose at informal gatherings, committees whose existence is not recognized by this chapter of the Act. The expenses incurred before the first meeting were in reality those of an informal committee and not those of the committee appointed under section 338, and the latter committee may not by assuming them make them its 'actual and necessary' expenses for allowance against the debtor. To recognize such an assumption would be an evasion of the Act."

In the Fishman case, supra, it was sought to impose an obligation upon an unwilling Debtor; in the case at bar the Debtor created a liability by a firm engagement to pay the reasonable value to be determined by the court.

In re Fisher Dress Corporation, D.C., 33 F.Supp. 157, decided March 4, 1939, also a proceeding in this court for an Arrangement. An informal creditors committee *filed proof of claim* for expenses, including services of an attorney and accountant, rendered from the date of the presentation of the petition under Chapter XI up to the time of the first meeting of creditors. The Arrangement, subsequently confirmed, contained a provision that the Debtor would pay the reasonable expenses of such committee. The Debtor objected only to the amount sought, but the Referee, basing his ruling upon the Fishman case, supra, denied the application. In reversing the Referee's order, Judge Coxe said: "This was a firm engagement which the debtor had a perfect right to make and it does not run counter to anything in the statute."

The Referee differentiates the case at bar upon the ground that the procedure in the Fisher Dress case was not followed. I see no real distinction in the filing of the proof of claim, under the circumstances, and an application to the court for an allowance. There is no question of a statutory right to an allowance; it is a matter of contract.

The majority opinion in the case of In re United States Realty & Improvement Co., 2 Cir., 108 F.2d 794, decided January 15, 1940, suggests the ineffectiveness of the court to protect creditors if they were compelled to rely alone upon the services of the members of the Official Committee. The Securities and Exchange Commission cannot intervene or be brought in. It is conceivable that, in a case where the business of the Debtor is conducted abroad and its security holders are widely scattered, the very persons responsible for the Debtor's insolvency might escape investigation and a discovery of facts which, if unknown to the court, would enable them to effectuate an Arrangement to the disadvantage of the creditors, if the Official Committee was not personally sufficiently interested to protect their interests.

The Referee points out that on the date of the appointment of the Official Committee, an affidavit was filed with him, signed and verified by all three members of the Hanson Committee, stating: "That the members of the Committee, as such, expect no compensation from the debtor, except in the event that they should be elected members of the Creditors' Committee, as provided in Sec. 44 of the Bankruptcy Act, in which event any application for compensation will be made directly to the Court."

It is alleged that Hanson had been instrumental in distributing the securities of the Debtor to the public and Mr. Griffin was one of its directors.

The claim on behalf of the Wales Committee includes a bill of a firm of attorneys in London and Paris, for professional services rendered.

As to the Prince Committee, the Referee could discover no real necessity for its formation or continued existence. It is also contended that counsel for the Prince Committee was both a bondholder and a stockholder of the Debtor.

These are matters to be considered in liquidating the Debtor's engagement to pay.

The petitions are sustained and the order reversed. The proceeding is referred back to the Referee to take further proof and determine the reasonable value of the services rendered and disbursements incurred, which the Debtor by a firm engagement agreed to pay.