**In the Matter of Rafael Martinez MACHADO.**

**No. B-6-70.**

United States District Court,
D. Puerto Rico.

Sept. 18, 1972.

Enríque Igaravídez, San Juan, P. R., for debtor.

Julio Alvarado Ginorio, San Juan, P. R., for creditors.

## OPINION AND ORDER

CANCIO, Chief Judge.

This is a petition for review filed under the provisions of the Bankruptcy Act by Joseph H. Frier, Jr., Louis J. Sagner and Joseph W. Kiefer, claiming they were aggrieved by the Order Allowing Attorneys' Fees for Attorneys of Creditors' Committee entered by the Hon. Rafael A. Rivera Cruz, Referee in Bankruptcy, dated August 26, 1971, insofar as said Order concludes that Joseph W. Kiefer was the only attorney appointed by the Court to act as the attorney for the Creditors' Committee and insofar as the amount for professional services was valued by said Referee at $10,000.00. Petitioners, in essence, argue that the three of them were attorneys of the Creditors' Committee and that their professional services should be valued at $30,000.00.

Section 339(2) of the Bankruptcy Act, which applies directly to this matter, reads as follows:

"(2) A committee elected as provided in section 338 of this chapter may employ such agents, attorneys and accountants as may be necessary to assist in the performance of its functions. *Expenses of the committee for such assistance whether incurred before or after the filing of the petition under this chapter, shall be allowed as an expense of administration to the extent deemed reasonable and necessary by the court, provided the arrangement is confirmed.* Such expenses incurred by the committee before its election in accordance with section 338 shall not be disallowed because of a change in the committee's composition, provided a majority of the committee when it incurred the expense continue as members of the elected committee."

In this case, the original petition for an arrangement under Chapter XI of the Bankruptcy Act was filed on January 28, 1970. The plan of arrangement was confirmed by a majority of debtors creditors pursuant to an Order entered on November 30, 1970.

The record and the Order entered by the Hon. Referee in Bankruptcy now being reviewed, shows that the Referee concluded that although it is a fact that through the efforts of the Creditors' Committee an increase of payment from 25% to 75% of unsecured debts was obtained, there was no novelty or difficulty in the legal question involved in these proceedings, and the conducting of negotiations for the improvement of the arrangement did not require any legal expertness. The Order further states that the Court did not consider that under the provisions of Section 339(2) of the Act, it was reasonable and necessary to employ three attorneys to assist the Committee in the performance of its functions.

The record also shows that on a hearing held on this matter, debtor, through his attorneys alleged that the sum of $30,000.00 was a very high sum to be awarded to the attorney of the Creditors' Committee, pointed out that there was only one attorney named to serve as such on the Creditors' Committee, and in fact suggested the sum of $8,000.00 as a reasonable compensation to said at-

torney. (See paragraphs 8 and 8a, page 3 of Order Allowing Attorneys Fees for Attorneys of Creditors' Committee.)

■ After a thorough study of the record and documents in this case, this Court adopts the Findings of the Referee that through the efforts of the Creditors' Committee an increase of payment from 25% to 75% of unsecured debts was obtained. In fact, it can be said that the Creditors' Committee did the job the Bankruptcy Act directs such Committees to perform. On the other hand, this Court also believes that the Referee is the one to decide upon his discretion, how many attorneys should have been employed by a Creditors' Committee in a Bankruptcy proceeding properly brought before him, as part of the determination of compensation. (See Section 339(2) of the Act.) This Court will only intervene in the Referee's decision if an abuse of discretion has been committed.

■■ It is well established that attorneys for the Creditors' Committee are entitled to compensation for services only if their employment was necessary. (See In re Max Fishman, Inc., D.C., 27 F.Supp. 33.) Whether one or more attorneys were necessary in this case was to be decided by the Referee. This Court does not have any evidence on hand to show that the Referee abused his discretion in this appointment of attorney for the Creditors' Committee. In fact, the Creditors' Committee, nor any of petitioners herein requested an amendment or reconsideration of the Referee's Order dated March 11, 1971, in which he appointed Mr. Joseph W. Kiefer as attorney for the Committee.

Petitioners point out the fact that Mr. Sagner was reimbursed of some of his expenses incurred on his trips to Puerto Rico regarding this case as evidence that he was a duly appointed attorney of the Creditors' Committee. This is not so. The Bankruptcy Act empowers the Referee to reimburse expenses incurred by members of a Creditors' Committee or its attorneys. There

is no doubt that Mr. Sagner as well as Mr. Frier were acting on behalf of their own private clients. (See Finding of Fact # a, page 3 of Order Allowing Attorneys Fees for Attorneys of Creditors' Committee.)

Nonetheless, this Court also finds that attorneys Kiefer, Sagner and Frier worked together as an "ad hoc" law firm. The record shows that attorneys Sagner and Frier were very active and attended several meetings and in fact helped the work performed by the Creditors' Committee. As such, this Court understands that although attorney Joseph Kiefer was appointed attorney for the Creditors' Committee, in fact, it was the work of all three attorneys working as an "ad hoc" law firm which represented said Committee.

■ For this reason this Court understands that the fees awarded to Mr. Kiefer as Attorney of the Creditors' Committee should be distributed among the three petitioners herein. Whereas, and in order to avoid further possible litigation of problems among petitioners, this Court orders attorneys Kiefer, Sagner and Frier to submit in writing to this Court the way in which the fees awarded to the attorney for the Creditors' Committee should be divided among them. The debtor, on the other hand, is directed not to deposit any amount for attorney's fees until further Orders of this Court.

■ As to the amount of compensation granted to attorney Kiefer by the Referee, this Court has made a thorough and conscientious study of all the time, efforts and circumstances of this case and concludes that said compensation is inadequate.

The Referee in his Order finds as a fact that "through the efforts of the Creditors' Committee", an increase from 25% to 75% was obtained for the unsecured creditors. There is no doubt that the Committee and its attorney performed an important role in this case for the benefit of creditors. It is also a fact that experience and knowledge of

the Committee's attorney was an important factor in this role.

The record also shows that the debtor's estate was valued at $1,000,000.00 and that the amount involved as to unsecured creditors are concerned was $600,000.00. Certainly this cannot be considered as a small case according to our local standards. With this size of an estate and unsecured debts, there is no doubt that the role of the Creditors' Committee and its attorney although not very difficult in the legal aspects involved, was not a simple one, and required a lot of work and effort.

We must also point out that the fee determined by a Referee must not be far below ordinary levels in a case of this nature, that if repeated again, it would discourage practitioners from practicing before the Bankruptcy Court. Although In the Matter of Dunhill Suspender & Belt Corp., Bankrupt, D.C., 162 F.Supp. 608, it was established that the District Court should not intervene with the fees initially fixed for the attorneys and the accountants of the Creditors' Committee unless they reflect an error of law or unless the Referee's Findings of Fact are clearly erroneous or some injustice will result, this Court, upon thorough study of all the record and the circumstances of this case, concludes that the reasonable fees to be awarded to the attorney of the Creditors' Committee should be Fifteen Thousand Dollars ($15,000.00).

In view of the above, the Order Allowing Attorneys Fees for Attorneys of Creditors' Committee entered by the Hon. Rafael A. Rivera Cruz, Referee in Bankruptcy, dated August 26, 1971 is modified insofar as to the amount to be paid. As to the fees to be paid for the services of the attorney for the Creditors' Committee, the amount to be awarded shall be Fifteen Thousand Dollars ($15,000) instead of Ten Thousand Dollars ($10,000.00).

The Court is aware that even though the only duly named and appointed attorney for the Creditors' Committee was Joseph W. Kiefer, Esquire, two other attorneys assisted him in the performance of his duties and that they may wish to be heard on any possible share which they may have in the $15,000.00 sum awarded. For this reason and in view of the circumstances surrounding the case, the debtor is ordered not to deposit at this time the attorney's fees. In addition, Attorneys Louis J. Sagner and Joseph H. Frier are granted leave to appear before the Court within the period of thirty days after the issuance of this Order to claim their participation in the attorney's fees which have been awarded or the full amount will be awarded to Joseph W. Kiefer, Esquire.

Let copies of this Opinion and Order be served on petitioners, Attorneys Louis J. Sagner, Joseph Kiefer and Joseph H. Frier, debtor, and the Hon. Referee in Bankruptcy, to their respective addresses.

It is so ordered.