### In re EL SAN JUAN HOTEL CORPORATION, Debtor.

#### Civ. No. 81–0185.

United States District Court, D. Puerto Rico.

May 28, 1981.

Meléndez, Rey, Rodríguez & Morán, Rodríguez-Ramón, Peña & Cancio, San Juan, P. R., for petitioner.

Charles A. Cuprill, Ponce, P. R., for respondent.

### OPINION AND ORDER

PEREZ–GIMENEZ, District Judge.

Present before the Court is a motion filed by the trustee of debtor San Juan Hotel Corporation, Mr. Héctor M. Rodríguez Estrada, entitled Motion to Dismiss Appeal or Remand. Appellants, Rodríguez-Ramón,

Peña and Cancio; and Meléndez, Rey and Rodríguez Bigas, filed an opposition to trustee's motion, and trustee replied to said opposition.

Trustee alleges that if appellants wished to appeal an award for interim compensation of the Bankruptcy Court, they should request Bankruptcy Judge Antonio I. Hernández to make findings of fact in accordance with *In Re Lorraine Botelho*, 8 B.R. 305, 7 B.C.D. 221 (Bkrtcy.App., 1st Cir., 1981). Appellants contend that the decision in *In Re Lorraine Botelho* is incorrect as a matter of law and that they are not required to request the Bankruptcy Court to enter findings of fact before pursuing their appeal.

Appellants filed on September 30, 1980, an application for interim allowance of attorney's fees and reimbursement of expenses on the Bankruptcy Court. The law firm of Meléndez, Rey and Rodríguez Bigas is seeking compensation for the total sum of $50,342.50, plus $740.76 for expenses. From that amount the law firm received the sum as retainer of $35,000. Presently outstanding and being sought as additional compensation is the total sum of $15,342.50, plus the $740.76 as expenses.

The law firm of Rodríguez-Ramón, Peña and Cancio is seeking compensation for $30,387.80, of which it received the sum of $25,000 as retainer. Presently outstanding and being sought as additional compensation is the total sum of $5,387.50, plus $1,289.55 as expenses.

On November 3, 1980, a hearing was held in the Bankruptcy Court to consider among other matters, appellants' applications for attorney's fees by any creditor, and both the attorney for the trustee and the new attorney for the debtor stated at the hearing that neither the trustee nor the debtor had any objection to the applications.

Subsequently, on December 29, 1980, U.S. Bankruptcy Judge Antonio I. Hernández entered an Order granting appellants Rodríguez-Ramón, Peña and Cancio a reduced interim allowance in the amount of $28,387.50 for attorney's fees, the sum to be reduced by $25,000 received in advance by the firm. Therefore, a balance of $3,387.50 was to be paid to the law firm, plus $1,289.55 for expenses. As to appellants Meléndez, Rey and Rodríguez, an Order was entered on the same date as above granting a reduced interim allowance in the amount of $40,342.50 for attorney's fees, the sum to be reduced by $35,000 received in advance by the firm. Therefore, a balance of $5,342.50 was to be paid to the law firm, plus $740.76 for expenses. The Bankruptcy Judge made both awards without stating findings of fact or conclusions of law. No request for findings of fact was made by appellants before seeking review of the award in this Court.

■ The determination of attorney's fees allowed in bankruptcy cases rests within the sound discretion of the Bankruptcy Court and the exercise of that discretion will not be disturbed by an appellate court absent a showing that it was abused. *Massachusetts Mutual Life Insurance Co. v. Brock*, 405 F.2d 429 (5 Cir., 1968); *Guterman v. C. D. Parker & Co.*, 86 F.2d 546 (1 Cir., 1936); *In Re Machado*, 349 F.Supp. 979 (D.C.P.R., 1972). Such an abuse can occur only when the Bankruptcy Judge fails to apply the proper legal standard or to follow proper procedures in making the determination, or bases an award upon findings of fact that are clearly erroneous. *In Re First Colonial Corporation of America*, 544 F.2d 1291 (5 Cir., 1977).

Rule 810 of the Rules of Bankruptcy Procedure provides as follows:

"Upon an appeal the district court may affirm, modify, or reverse a referee's judgment or order, or remand with instructions for further proceedings. The court shall accept the referee's findings of fact unless they are clearly erroneous and shall give due regard to the opportunity of the referee to judge the credibility of the witnesses."

In the present case we have no basis on which to review the exercise of discretion of the Bankruptcy Court since that court failed to articulate the reasons of its award of attorney's fees and expenses.

■ We adopt the Bankruptcy Appellate Panel of the District of Massachusetts'

Opinion in *In re Lorraine Botelho, supra.* In an uncontested award of attorney's fees, no matter if a hearing is held or not, it is incumbent upon appellant seeking review of an award once a "bare" order is entered to request that findings of fact be included in the record on appeal in order to properly bring the matter before the reviewing court.[1]

We conclude that the present case should be remanded to the Bankruptcy Court for the limited purpose of allowing the appellants an opportunity to request the Bankruptcy Judge to make findings of fact and to give the reasons for allowing the amount awarded.

WHEREFORE, in view of the above, the Court ORDERS that trustee's motion to remand, be and is hereby GRANTED; and

FURTHER ORDERS that the case be REMANDED to the Bankruptcy Court in order to allow appellants to request findings of fact.

IT IS SO ORDERED.

---

**1.** At the present time we decline to follow the Fifth Circuit decisions wherein the appellate court has repeatedly required an attorney's fees award to be accompanied by a brief description of findings of fact and an explanation of the factors contributing to the decision. Specifically, the judge must indicate how each of the twelve factors found in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 720 (5 Cir., 1974) affected his decision. See for eg. *Matter of U. S. Golf Corp.*, 639 F.2d 1197 (5 Cir., 1981); *Matter of First Colonial Corp. of America, supra; Davis v. Fletcher*, 598 F.2d 469 (5 Cir., 1979).